LEE BOOTH, as Administrator of the Estate of Frances Jeannette Spencer Booth, deceased, Appellant, v. MRS. M. B. SPENCER, Appellee.

199 So. 256
En Banc
Opinion Filed December 10, 1940
Rehearing Denied January 6, 1941

*Lee Booth,* for Appellant;

*L. R. Milton,* for Appellee.

CHAPMAN, J.—On September 22, 1939, the Honorable Ollie Edmunds, County Judge of Duval County, Florida, upon due notice to counsel for the respective parties, made and entered an order permitting and allowing ten days from and after the date thereof in which to institute suit on a claim of Mrs. M. B. Spencer against the estate of Frances Jeannette Spencer Booth, deceased. The order was based on a petition of Mrs. M. B. Spencer and an answer thereto filed by the administrator of said estate.

On October 28, 1939, the administrator filed in the County Judge's Court of Duval County, Florida, a petition for a rehearing, praying that the said order dated September 22, 1939, be declared null and void *ab initio.* The said petition for a rehearing was heard by the county judge, upon notice to counsel for the respective parties, and on the 15th day of November, 1939, an order was made and entered overruling and denying the said petition for a rehearing.

On November 27, 1939, an appeal was taken to the Circuit Court of Duval County, Florida, from the said order dated November 15, 1939, which denied the petition to set aside the order made and entered by the County Judge's Court of Duval County on September 22, 1939. On the 14th day of February, 1940, Mrs. M. B. Spencer filed in the Circuit Court of Duval County a motion to dismiss the said

appeal on grounds: (a) the appeal was an attempt to review the order dated September 22, 1939, which was entered more than thirty days before said appeal was taken and more than thirty days before the order appealed from was entered, and no appeal was taken from the said order of September 22, 1939; (b) the appeal cannot be considered without going into the merits of the order dated September 22, 1939; (c) the order dated September 22, 1939, had become final and unappealable before the petition for a rehearing was filed under date of October 28, 1939. The circuit court, on May 23, 1940, entered an order sustaining the said motion to dismiss the appeal from the County Judge's Court of Duval County to the Circuit Court thereof, and an appeal therefrom has been perfected to this Court.

It is contended here that the order entered by the Circuit Court of Duval County dated May 23, 1940, sustaining the motion to dismiss the appeal is erroneous. Section 54 of the Probate Act provides for the dismissal of appeals on the ground that the appeal was not taken within the time limited for taking appeals from the county judge's court to the circuit court. Section 53 of the Probate Act provides that "all appeals to the circuit court shall be taken within thirty days from the date of the order, judgment or decree appealed." The merits of the order of the county judge's court dated September 22, 1939, it is contended, can be reviewed under the order dated November 15, 1939, which overruled and denied the petition for a rehearing of the order dated September 22, 1939. An appeal was not taken from the order dated September 22, 1939, as required by Section 53 of the Probate Act, which provides that the appeal shall be "taken within thirty days from the date of the entry of the order, judgment or decree appealed." See *In Re:* Jeffries Estate, 136 Fla. 410, 181 So. 833. If

the appeal is not taken within thirty days from date of the order, the same can or may be dismissed. See Section 54 of the Probate Act.

The burden of showing error clearly to appear rests on persons appealing causes to this Court. Careful consideration has been given to the order of dismissal entered by the circuit court on May 23, 1940. We do not think counsel for appellant has met or carried the burden of showing error as required by the previous rulings of this Court.

The order appealed from is hereby affirmed.

TERRELL, C. J., WHITFIELD, BROWN and BUFORD, J. J., concur.