### IN RE: ESTATE OF ELLSWORTH C. WARNER

33 So. (2nd) 728                                        January Term, 1948
January 30, 1948                                              Division A
Rehearing denied February 24, 1948.

*W. F. Maurer,* for appellants.

*Jos. D. Farish* and *Rogers, Towers & Bailey,* for appellees.

TERRELL, J.:

In an opinion treating another phase of this case, filed November 18, 1947, not yet reported, a statement of the pertinent facts will be found. The sole question adjudicated

in that opinion was, what portion of the record is necessary to review an order of the Circuit Court dismissing an appeal from the probate court, because it was not taken within the time prescribed by law.

It is admitted that the time prescribed by law for taking such appeals is thirty days. The point for determination in the instant case is, when the thirtieth day for taking such appeals falls on Sunday, does the appellate court acquire jurisdiction of a cause when the appeal is taken on a date subsequent to the expiration of the thirty day period?

Appellants contend that this question should be answered in the affirmative and rely on our interpretations of common law Rule 5, formerly Common Law Rule 63, the essential part of which is as follows: "In all cases in which any particular number of days . . . is allowed . . . the same shall be reckoned exclusive of the first day and inclusive of the last day unless the last day shall fall on Sunday . . . " We have given due consideration to the cases cited by appellants applying this rule, but we do not think they apply to this case. We have also considered appellants' contention as to the effect of the four days allowed for filing the petition for rehearing but we do not think that of itself extends the time for taking the appeal.

The salient facts to guide us to a conclusion here are these: The Probate Court entered his order, from which appeal was taken, to the Circuit Court April 18, 1947. Appellants filed their petition for rehearing May 8, 1947. No stay or supersedeas was directed to the petition for rehearing, which was denied May 14, 1947. The notice of appeal directed to the final decree of the probate court, dated April 18th, was entered May 19, 1947. The Circuit Judge granted the motion to dismiss the appeal on authority of Simmons v. Hanne, 50 Fla. 267, 39 So. 77, because it was not taken within thirty days as required by law, and being so, he was without jurisdiction of the appeal.

Section 732.16 (2) Florida Statutes 1941, is the governing law and provides that an appeal to the Circuit Court from an order or judgment of the County Judge in a probate matter·

must be taken within thirty days from the date on which the order or judgment appealed was filed in the office of the County Judge. The statute gives no criterion for counting the period "within thirty days from the date on which the order or judgment appealed was filed in the office of the County Judge."

The word "from" as used in the quoted statute may be said to indicate when the appeal period begins to run. It means away from, contact with or proximity to, out of, as released from, etc. So we might in reason hold that within thirty days *from* the date of the order includes the date the order is filed. With the view to liberality however, we exclude the date the order is filed and hold that the time begins to run the following day, which would be April 19th. In so holding, the time for taking the appeal expired on the 18th day of May, so an appeal taken on the 19th was beyond the time limit and conferred no jurisdiction on the appellate court, there being nothing whatever in the act to show that Sundays and holidays are excluded in continuing the period. We understand the general rule to be that when counting the time within which an appeal must be taken, the day on which the decree was rendered should be excluded and the last day of the appeal period should be included. American Jurisprudence, Section 423. Simmons v. Hann, supra.

We are convinced that appeals like this are governed by the provision of the chancery act as above cited, and that the Common Law Rules have no application. We are also convinced that filing a petition for rehearing does not enlarge the period for taking the appeal unless the court so orders. Gasque v. Ball, 71 Fla. 237, 71 Booth v. Spencer, 145 Fla. 264, 199 So. 256. Section 71 of the Chancery Act in terms provides that "No petition for rehearing shall operate to stay the proceedings unless so ordered by the Court."

It follows that the order of the Circuit Court dismissing the appeal must be and is hereby affirmed.

Affirmed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.