ROBERTS, Chief Justice.
The Notice of Appeal in this case was filed 61 days after the date of the entry of the decree appealed from, the 60th day having fallen on Sunday. The question here is whether, in these circumstances, the Notice of Appeal was timely filed.
Section 59.08, Florida Statutes, F.S.A., provides that appeals shall be taken or filed “within sixty days from and after the entry of the order, decision, judgment, or decree appealed from.” And in Simmons v. Hanne, 50 Fla. 267, 39 So. 77, 79, this court held that the rule that “where the time within which, by an order or rule, judicial action is to be taken, expires on Sunday, the party is allowed the next day to do what is required”, Bacon v. State, 22 Fla. 46, could not be applied, when the act to 'be performed is in fulfillment of a statutory requirement. It was there held that, since the statute then in effect as to the time within which to file an appeal, did not expressly exclude Sunday from the computation, and since the intention of the Legislature to do so was not otherwise manifested, Sunday could not be excluded and the appeal was not timely filed.
But the provisions of our Chapter 59, Florida Statutes, F.S.A., relating to appellate procedure, are expressly required to be “considered as rules of court, and may be changed, amended, repealed, or superseded by rules adopted by the supreme court of this state”, Section 59.44. If, then, the appeal time specified by Section 59.08 is to be considered but a “rule of court,” the rule of Bacon v. State, supra, should apply, so that the instant appeal was timely filed.
Moreover, under its authority to change, amend, repeal or supersede the provisions of Chapter 59, this court has adopted the Florida Common Law, Vol. 30 F.S.A., and the Florida Equity Rules, Vol. 31 F.S.A., in both of which it is expressly provided that “In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, * * *. The last day of the period so computed shall 'be counted unless it is a Sunday or a legal holiday, in which event the period shall rim until the end of a next day which is neither a Sunday nor a holiday.” (The emphasis is supplied.) Common Law Rule 7(a) ; Equity Rule 32(a). Thus, this court had the right to and did modify Section 59.08 in the manner stated, and the Notice of Appeal in the instant case was timely filed.
This court has heretofore entered an order dismissing the appeal in this case. For the reasons above stated, the order dismissing the appeal is quashed, the appeal is reinstated, and the parties proceed therewith.
TERRELL, HOBSON, MATHEWS and DREW, JJ., concur.
THOMAS and SEBRING, JJ., dissent.