HOBSON, Justice.
Barbara F. Lett filed, in the County Judge’s Court in and for Dade County, Florida, a petition for probate of an alleged last will and testament of Duncan McRae on the 26th day of January, 1954. The Honorable Frank E. Dowling, one of *819 the judges of the County Judge’s Court in Dade County, entered and filed an order in said court on the Sth day of March, 1954, denying the petition for the probate of the will offered by Barbara F. Lett. On the Sth day of April, 1954, the said Barbara Lett filed her notice of appeal to the Circuit Court of the Eleventh Judicial Circuit. The thirtieth day from the date of the entry of the order from which the appeal was taken fell on Sunday. The notice of appeal was filed the day after, which was the thirty-first day from the entry of the challenged order.
The circuit court, sitting as an appellate court, denied a motion to dismiss the appeal and petitioner herein seeks a review of that order.
Apparently the learned circuit judge held the view that since the last day of the thirty day appeal period provided by Section 732.16(2), Florida Statutes, F.S.A., fell on Sunday, the filing of the notice of appeal on the following Monday was proper because of Common Law Rule 7(a), 30 F.S.A., or Equity Rule 32(a), 31 F.S.A., both of which rules were adopted by this court and made effective as of January 1, 1950.
Petitioner contends that Section 732.16 (2), supra, controls, rather than either of the rules and that since the statute does not provide, as does each of the rules, that if the last day of the appeal period should fall on Sunday or a holiday the filing of the notice of the appeal is timely if it be filed on the thirty-first day.
Petitioner relies upon our opinion in the case of In re Warner’s Estate, 160 Fla. 103, 33 So.2d 728, 730. In that opinion we discussed Section 732.16(2), supra, and held that the appellate court did not have jurisdiction to entertain the appeal because there is “nothing whatever in the act to show that Sundays and holidays are excluded in counting the period”.
Respondent counters with the proposition that our opinion In re Warner Estate, supra, was rendered in 1948 while the Common Law Rule and Equity Rule above referred to did not become effective until January 1, 1950. They therefore reason that the opinion in the Warner Estate matter is not controlling here. They argue that Equity Rule 32(a) is controlling, and that the circuit judge was correct in refusing to dismiss the appeal.
It is true that the present rules did not become effective until January 1, 1950, but the question now before us is whether either the Common Law or Equity Rule above referred to prevails over Section 732.16(2) under the facts and circumstances of this case.
In our opinion in the matter of Petition of Florida State Bar Association, Etc., 145 Fla. 223, 199 So. 57, 60, we expressly held that, although the Legislature in and by Chapter 13870, Acts of 1929, “abdicated its right to make rules governing the Supreme Court”, it had failed or refused to do so with regard to subordinate courts. We further stated that we have no supervisory power over such courts, and that this court was powerless to make rules governing them.
Following the rendition of the order on the petition of the Florida Bar, the 1943 Florida Legislature enacted Section 25.47, Florida Statutes, F.S.A. The pertinent provision of that section reads:
“(1) The supreme court of the State of Florida shall have the power to prescribe from time to time the rules, forms of process, writs, pleadings, motions, and the practice and procedure in actions at law or in suits in equity, as well as in all statutory and extraordinary forms of action in the circuit courts, civil courts of record and county courts of the State of Florida. Such rules shall not abridge, enlarge or modify the substantive rights of any litigant.”
It will be noted that the Legislature did not mention County Judges’ Courts. Counsel for respondent urge us to construe the legislative inclusion of “county courts” as an intent to include “County Judges’ Courts”. This we cannot do because such *820 courts, just like “county courts are separate and distinct constitutional courts, as will be observed by a study of Section 1, Article V of the Florida Constitution, F.S.A. Said Section provides that: “The Judicial Power of the State shall be vested in a Supreme Court, Circuit Courts, Court of Record of Escambia County, Criminal Courts, County Courts, County Judges and Justices of the Peace * * (Emphasis supplied.)
This case, unlike Carlile v. Spofford, Fla., 65 So.2d 545, is not governed by the provisions of Chapter 59, Florida Statutes, because Section 59.01(2) (b) provides that' said chapter shall be applicable “to appeals from inferior courts, to courts •other than the supreme court, where no other method of review is expressly provided by law”. Section 732.16(2) expressly provides another method of review. Insofar as appeals from the County Judges' Court are concerned, this court did not adopt, for it had no authority to adopt, the Florida Rules of Procedure which became effective January 1, 1950. Moreover, the rule pronounced in Bacon v. State, 22 Fla. 46, cannot be applied in the instant case because “the act to be performed is in fulfillment of a statutory requirement”, Carlile v. Spofford, supra. Nor does Section 59.43, Florida Statutes, F.S.A., affect the dominant question in this case, because the appeal was prosecuted under Section 732.-16(2).
Although we are inclined to be sympathetic toward 'the position of respondent because she will be precluded from .a hearing upon the merits on appeal, we find that this court is in the same position today with regard to County Judges’ Courts as it was when we decided the petition of the Florida Bar before enactment of Section 25.47, supra. We are forced to the conclusion that Section 732.16(2), as construed by us in our opinion in In re Warner Estate, supra, is controlling in this instance, rather than either Common Law Rule 7(a) or Equity Rule 32(a), and our judgment must be one granting the petition for certiorari and directing that the order of the circuit judge denying the motion to dismiss the appeal be quashed.
It is so ordered.
ROBERTS, C. J., and MATHEWS and DREW, JJ., concur.