THOMAS, Justice.
The respondents presented to this Court a motion to dismiss the petition for certio-rari on the ground that it was not filed “within sixty days from the date of the * * * order * * * to be reviewed” as required by Rule 28, 30 F.S.A.
The petition was filed here 6 July 1954 to review an order entered 6 May 1954, sixty-one days earlier.
In Carlile v. Spofford, Fla., 65 So.2d 545, we held that a notice of appeal would vest jurisdiction in this Court, if filed on Monday when the time for appealing expired the Sunday before. Even were we to assume that the rule announced in that case should be applied to petitions for certiorari, we are not disposed to extend it so that such a petition, filed on Tuesday when the sixtieth day fell on the preceding Monday, would be entertained on the theory that Monday was a legal holiday inasmuch as the fourth of July fell on Sunday.
The provisions of Sec. 683.01, Florida Statutes 1953, and F.S.A., are not applicable. In the statute many “legal holidays”, including Independence Day, are designated, all followed by semicolons and after the last semicolon is the provision “and in cities or towns where carnival associations are organized for the purpose of celebrating the same, the day in each year known as Shrove Tuesday, shall for all purposes whatsoever as regards the presenting for payment or acceptance and of the protesting and giving notice of dishonor of negotiable instruments, be treated and considered as public holidays.” (Italics supplied.)
We comment on the construction because at a glance it would appear that the “purposes” specified would apply only to Shrove Tuesday in communities where that holiday is recognized. That such a construction, strained as it would be, could not aid the petitioners is demonstrated by referring to the next paragraph of the section. There it is provided that “Whenever any legal holiday shall fall upon a Sunday, the Monday next following shall be deemed a public holiday for all and any of the purposes aforesaid” (Italics supplied.) Sec. 683.01, supra. The only “purposes” before *452 expressed in the first paragraph deal with negotiable instruments.
We conclude that no logical construction of the two paragraphs of the section justifies our holding that if one of the legal holidays, excluding, of course, those that come upon a specified day of the week, falls on Sunday, the following day thereupon becomes a holiday extending the time for the filing of a petition for certiorari to the following Tuesday.
The motion to dismiss is granted.
MATHEWS, C. J., and TERRELL, SEBRING, ROBERTS, DREW and BUFORD, JJ., concur.