SEBRING, Justice.
The petitioner, an employee, filed a petition for certiorari in this Court to review an order of the full commission in a workmen’s compensation proceeding. The employer moved to dismiss the proceeding on the ground that the petition was not filed “within sixty days from the date the order sought to be reviewed was entered.” See Wilson v. McCoy Manufacturing Co., Fla., 69 So.2d 659.
As appears from the record, the sixtieth day after the entry of the order sought to be reviewed was Sunday, January 9, 1955. The petitioner filed his petition on Monday, January 10, 1955. In Carlile v. Spofford, Fla., 65 So.2d 545, this Court held, with Justices Thomas and Sebring dissenting, that where the sixtieth day after the entry of a final decree happened to fall on a Sunday, a notice of appeal which was filed the following Monday was sufficient to vest this Court with jurisdiction to review the final decree appealed from.
If the rule enunciated in Carlile v. Spof-ford, supra, is to remain the rule of this Court respecting the time within which an appeal may be taken from a final judgment or decree, we can think of no sound reason why the rule should not be extended so as to apply to constitutional certiorari proceedings to review compensation orders under the Workmen’s Compensation Law, F. S.A. § 440.01 et seq.
Accordingly, the motion to dismiss the petition for certiorari on the ground that it was filed on the sixty-first day from the date the order sought to be reviewed was entered, instead of on the sixtieth day, which fell on a Sunday, should be denied.
It is so ordered.
MATHEWS, C. J., and TERRELL and HOBSON, JJ., concur.