367 So.2d 702 (1979)
STATE of Florida, Appellant,
v.
In the Interest of J.A., JR., and in the Interest of A.M.F., Appellees.
Nos. 78-1574 and 78-1653.
District Court of Appeal of Florida, Second District.
February 14, 1979.
*703 Robert L. Shevin, Atty., Gen., Tallahassee, and Michael A. Palecki and C. Marie King, Asst. Attys. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, Bartow, Karal B. Rushing, Asst. Public Defender, Tampa, for appellee J.A., Jr.
William Murphy, Asst. Public Defender, Tampa, for appellee A.M.F.
GRIMES, Chief Judge.
Is a delinquency petition timely when filed on a Monday which is the thirty-first day after the complaint has been referred to the intake officer?
In each of these cases, the thirtieth day following the date of referral was a Sunday. The petitions were filed the following Monday. Both petitions were dismissed as untimely filed.
Section 39.05(7), Florida Statutes (1977), states that "a petition alleging delinquency shall be dismissed with prejudice if it was not filed within thirty days from the date the complaint was referred to the intake office." However, Fla.R.Juv.P. 8.330(a) provides that, when computing any period of time prescribed by statute when the last day falls on a Saturday, Sunday, or legal holiday, the period shall be extended until the end of the next day which is neither a Saturday, Sunday nor legal holiday. We must, therefore, decide whether the method of computing the thirty-day period is a matter of procedure subject to the constitutional rule-making authority of the supreme court.
Substantive law prescribes duties and rights under our system of government, and the legislature is responsible for enacting such law. Procedural law concerns the means and methods to apply and enforce those duties and rights, and the supreme court determines procedural law through the promulgation of rules. Benyard v. Wainwright, 322 So.2d 473 (Fla. 1975). Substantive law creates, defines and regulates rights, while procedural law is the legal machinery by which substantive law is made effective. State v. Garcia, 229 So.2d 236 (Fla. 1969).
In Finley v. State, 168 So.2d 201 (Fla. 2d DCA 1964), the state moved to dismiss on the ground that the defendant's notice of appeal was not timely filed. A statute in force at that time required appeals to be filed within ninety days from the date of the judgment or sentence. The ninetieth day fell on a Sunday and the notice of appeal was filed on the following Monday. Rule 3.18 of the Florida Appellate Rules provided that if an act was required to be performed on a day certain and such day fell on a Saturday, Sunday or legal holiday, the act should be performed on the next day which is neither a Saturday, Sunday or legal holiday. Our court rejected the state's contention that the appeal time ended on Sunday. In holding that the rule controlled, we said that it "does not extend the time set by the legislature  it merely defines the manner in which the statutory time is to be computed." Accord, Carlile v. Spofford, 65 So.2d 545 (Fla. 1953); Mick v. Florida State Bd. of Dentistry, 338 So.2d 1297 (Fla. 1st DCA 1976); cf. Zeller v. Industrial Research, Inc., 77 So.2d 616 (Fla. 1955). If a rule pertaining to the computation of time can be declared procedural so as to permit appellate jurisdiction to be *704 invoked by the filing of an appeal beyond the number of days specified by statute, then it is logical to assume that another statutory time period may be similarly extended when no question of jurisdiction is involved.
The juveniles rely on S.R. v. State, 346 So.2d 1018 (Fla. 1977), in which our supreme court held that the mandatory dismissal required under the statute superseded the permissive dismissal authorized under the predecessor to Fla.R.Juv.P. 8.110(e). But this case did no more than to establish that when a petition for delinquency is not timely filed, the juvenile has a substantive right to have the petition dismissed with prejudice. The case did not deal with how the time should be computed because the petition was admittedly filed out of time.
We interpret the method of time computation contained in Fla.R.Juv.P. 8.330(a) to be a rule of procedure to be used in implementing the substantive right granted by Section 39.05(7), Florida Statutes (1977). Therefore, pursuant to Fla.R. Juv.P. 8.330(a), when the last day of the thirty-day period prescribed by Section 39.05(7) falls on a Sunday, the period ends on the next day which is not a Saturday, Sunday or legal holiday.
Since the petitions for delinquency under consideration were filed within the statutory thirty-day period, the court erred in dismissing them as untimely filed.
REVERSED.
BOARDMAN and DANAHY, JJ., concur.