571 A.2d 871

**Angela J. SEIFERT**

v.

**Betty J. GARY.**

**No. 1123, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

March 30, 1990.

338

Jeffrey M. Kotz (Rosolio & Silverman, P.A., on the brief), Towson, for appellant.

Monica L. Newman (Charles S. Winner, on the brief), Baltimore, for appellee.

Argued before WILNER and ALPERT, JJ., and JAMES S. GETTY, Associate Judge of the Court of Appeals (Retired) Specially Assigned.

JAMES S. GETTY, Judge, Specially Assigned.

This case originated in the Orphans' Court for Baltimore County resulting in a ruling that the decedent died intestate. That ruling was appealed to the Circuit Court for Baltimore County wherein Judge James T. Smith, Jr., denied a motion to dismiss the appeal as untimely and, at the conclusion of a *de novo* hearing, held that the decedent did not die intestate. The matter was then appealed to this Court for further review.

Henry Stewart Cunningham, the decedent, died July 30, 1988, survived by two daughters, Angela A. Seifert, the appellant herein, and Betty J. Gary, the appellee. A Petition for Probate filed by appellant alleged that her father died intestate. At the commencement of the probate hearing on October 18, 1988, appellee's husband, Allen C. Gary,

produced a Will he prepared for the decedent dated March 30, 1987, naming Mr. Gary personal representative. Significantly, the Will left the entire estate to the appellee except for a $5.00 bequest to the appellant.

When the probate proceedings began, only one of the three judges of the orphans' court was present. The judge inquired of the parties if they had any objection to proceeding before a single member of the court and, hearing none, he proceeded with the hearing. The case was not concluded on October 18th, because the witnesses to the Will were not present. The case continued on November 4, with the witnesses in attendance, and the same judge presiding individually. A third hearing and ruling took place on November 30, again before the single member of the court, who announced that he was not accepting the Will prepared by the appellee's husband and that Carl Gold would be appointed personal representative of the estate, because the parties were viewing each other with crossed swords and the estate would be better served by the appointment of a third party.

Gold filed a Petition for Probate on December 6 and he was appointed personal representative of the estate by an order signed that same day by two judges of the orphans' court. Following Gold's appointment, the appellee entered an appeal to the Circuit Court for Baltimore County, dated January 5, 1989, requesting that the December 6 order be vacated and that the decedent's Will be admitted to probate.

Appellant responded to appellee's appeal by motion to dismiss alleging that the appeal was untimely in that appellee should have appealed the November 30th decision by the orphans' court not to accept the will. Appellant claimed, correctly, that more than 30 days had elapsed from November 30 until the filing of the appeal on January 5, 1990. The trial judge dismissed appellant's motion, stating that the time clock for appeal purposes did not begin to run until the order was signed by the orphans' court judges which was December 6th. Thereafter, the circuit court held a *de*

*novo* hearing, reversed the orphans' court, and held that decedent's Will should be admitted to probate.

▇ First, we point out that the orphans' court is without authority to conduct judicial probate proceedings by resort to the perceived practice in Baltimore County of having a single judge conduct the proceedings and thereafter finalize the action taken by having a second judge join in signing an appropriate order. Obtaining the prior consent of the litigants to proceed before a single judge is no panacea for continuing this practice in light of the applicable statutory law governing probate.

Maryland Annotated Code, Estates and Trusts Article, sec. 2–106(a), states in part:

> Except as provided in this section ... the court shall be held in each county at the usual place of holding court in the county.... One of the judges of the court, in the absence of the others, shall have power to hold court at a stated time of adjournment only for the purpose of adjourning. Two judges shall have full power to do an act which the court is or may be authorized by law to perform, and two of them shall have power to hold court on a day not named in an adjournment.... One of the judges, in the absence of the others on account of prolonged illness, or in case of vacancy, shall have full power to do an act which the court is authorized by law to do, provided there is attached to the proceedings on papers in each case a certificate signed by the register, certifying to the vacancy or prolonged illness of the judge or judges not attending court on that day.[1]

---

1. Chapter 27 of the Acts of 1943 reenacted 2–106(a) authorizing:
   Any one of the judges in the absence of the others on account of prolonged illness, or in case of vacancy, shall have full power to do any act which the said court is authorized by law to do, upon the filing of a stipulation in writing signed by the interested parties or their counsel, that he so act.
   The provision for a single judge to act by written stipulation of the parties was discarded by Chapter 98 of the Acts of 1945 in favor of the

The Legislature has clearly limited the circumstances under which a single judge may conduct matters before the orphans' court and it has expressly rejected the short-lived authorization of a single judge to act pursuant to a written stipulation by the parties. *See* n. 1. We hold, therefore, that the court proceedings and the rulings flowing therefrom on October 18th, November 4th, and November 30th are a nullity, because the court was without authority to proceed with less than two members of the court present and participating therein in the absence of a certificate from the register of wills certifying to the illness of the other judge or judges.

The appellant contends that the appeal was untimely, because the decision not to accept the purported Will was announced on November 30, 1988, and a docket entry was entered the same day reflecting that decision. That docket entry constituted a final judgment, according to appellant, requiring the appellee to enter an appeal within 30 days of that date. Md.Cts. & Jud.Proc.Code Ann., sec. 12–501, provides that a party may appeal directly to this Court from a final judgment of an orphans' court. *Wright v. Nugent*, 23 Md.App. 337, 328 A.2d 362 (1974), *aff'd*, 275 Md. 290, 338 A.2d 898 (1975).

Section 12–502(a) of the Code permits a party to appeal to the circuit court for the county from a final judgment of an orphans' court, instead of a direct appeal to this Court. Where the matter is appealed to the circuit court, it is heard *de novo* by the circuit court. Subsection (b) requires that an order for appeal be filed with the register of wills within 30 days after the date of the final judgment from which the appeal is taken. The same 30–day provision is set forth in Md.Rule 8–202(a) relating to appeals to this Court, including appeals from an orphans' court.

---

present language which was adopted verbatim in the recodification of Article 93 by Chapter 3 of the Acts of 1969 as Section 2–106(a).

The 30–day period established by sec. 12–502(a) in appeals to the circuit court, and by Rule 8–202(a) in direct appeals to this Court, commences with the entry of the judgment or order from which the appeal is taken. That event is defined in Rule 2–601(b) as occurring when the clerk, in circuit court cases, enters the judgment by making a written record of it in the docket. Title 2 of the Maryland Rules, however, presently applies only to "civil matters in the circuit courts" and not to orphans' courts. Md.Rule 1–101. We note, however, that Md. Estates and Trusts Code Ann., sec. 2–105(c), requires orphans' courts to "enter an appropriate judgment or decree" after determining an issue of fact. Section 2–208(d) and (g), moreover, require the register of wills to:

1. attend each meeting of the court and make full and fair entries of court proceedings and

2. keep a proper docket showing, among other things, every order of the court.

The docket "shall be similar in every respect to the dockets required to be kept in the offices of the equity courts." We think those statutory provisions should be applied consistent with the policy set forth in Rule 2–601(b), namely, that the order or judgment is entered when the register records it on the docket.

In this case, the register made an appropriate entry after each court session reflecting the nature of the proceeding, the testimony, if any, presented, and the ruling of the court. On December 6, two judges of the court appointed Carl Gold personal representative of the estate. That decision necessarily determined that the decedent died intestate and that the purported Will offered by Allen C. Gary was rejected by the court. The circuit court decided that the December 6 action by the court was a final appealable judgment. We agree. See *Carrick v. Henley*, 44 Md.App. 124, 407 A.2d 765 (1979), stating that an orphans' court order appointing a special administrator is a final and appealable order. We reject appellant's argument that the November 30 order rejecting the Will proffered by Gary

was the dispositive ruling triggering the 30-day period for appeal, because a single judge has no authority to enter such an order and, as a result, it clearly does not qualify as a final judgment. The circuit court apparently decided that the November 30th decision was not a final order because it was not signed by the court. We conclude, however, that the November 30 ruling is not a final appealable judgment because it was rendered by a single member of the court. Be that as it may, the December 6 ruling was final and appealable.

We hold that the trial judge correctly decided that the only final judgment rendered in this case was the December 6 order signed by two of the three members of the orphans' court appointing Carl Gold personal representative of the estate of Henry Stewart Cunningham. Appellee's appeal was filed within 30 days of that date and the appeal was, therefore, timely. The circuit court thereafter held a *de novo* hearing as provided in sec. 12–502, reversed the orphans' court order of December 6, and admitted to probate the Will offered by Gary. We perceive no error.[2]

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

---

2. The second judge's signing the order appointing Carl Gold personal representative of the estate was an appealable order. Her signing that order, however, does not cure the prior rulings of a single judge for the reason that judge number 2 neither saw, heard, nor considered the issues already decided in her absence. A contrary ruling would be irreconcilable with sec. 2–106(a), Estates and Trusts Article.