647 So.2d 1008 (1994)
Kyle MELKONIAN, Petitioner,
v.
Hon. Murray GOLDMAN, etc., Respondent.
No. 94-2325.
District Court of Appeal of Florida, Third District.
December 21, 1994.
*1009 Kyle Melkonian, in pro. per.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for respondent.
Before HUBBART, JORGENSON, and GERSTEN, JJ.
PER CURIAM.
Perfecting a dissent is the only judicial task of lasting import that an individual appellate judge may embark upon alone. This maxim of collective judicial action governs the undertakings of supreme court justices and judges of the district courts of appeal, and applies with no less force to judges of the appellate division of the circuit courts. In his petition for review, Kyle Melkonian invokes this maxim against an order entered by an individual judge of the Appellate Division of the Dade County Circuit Court, and asks that his appeal in the Circuit Court be heard on its merits by a panel of three judges. We grant the petition and quash the order under review. A circuit court judge, acting in his appellate capacity, cannot enter such an order acting alone.
The Department of Highway Safety and Motor Vehicles suspended Melkonian's driver's license. Melkonian sought certiorari review of that decision in the Circuit Court under section 322.31, Florida Statutes (1993). Judge Goldman, Administrative Judge of the Appellate Division of the Circuit Court, entered an order denying the petition for failure "to demonstrate a Prima Facie case." Melkonian seeks review of that order.[1]
By failing to assign the case to a three-judge panel, and instead delegating to an individual judge the task of deciding the petition on its merits, the court below departed from the essential requirements of the law. The Florida Supreme Court promulgated a rule entitled "Establishment and Defining Jurisdiction of the Appellate Division of the Circuit Court." The rule provides that the Division has jurisdiction to hear certiorari petitions that seek review of decisions of administrative agencies, and mandates that such cases "will be heard on their merits by three-judge panels of the Appellate Division." Through a memorandum, however, the administrative judge of the Appellate Division implemented a procedure by which the appellate division clerk randomly assigns cases to a member of the Appellate Division for ruling on motions filed in pending appeals. Included in matters assigned to the designated "Motion Judge" are petitions for writ of certiorari, which are to reviewed by that individual judge to determine "whether a Prima Facie case has been raised requiring a panel's review."
Circuit and County Court judges may propose local rules of practice; proposals for such rules must be submitted to the Florida Supreme Court for approval. Fla.R.Jud.Admin. 2.050(e). Likewise, courts may issue administrative orders that are "directive[s] necessary to administer properly the court's affairs but not inconsistent with ... court rules and administrative orders entered by the supreme court." Fla.R.Jud.Admin. 2.020(c) (emphasis added). The administrative order at issue here, that allows an individual judge of the Appellate Division to rule on the merits of a petition for writ of certiorari, is inconsistent with the local rule, approved by the Florida Supreme Court, that mandates assignment of such cases to a three-judge panel. Accordingly, that portion *1010 of the administrative order is void.[2]See Blalock v. Pena, 569 So.2d 778 (Fla. 1st DCA 1990) (quashing administrative order of circuit court that was inconsistent with rules promulgated by Florida Supreme Court); Bathurst v. Turner, 533 So.2d 939, 941-42 n. 4 (Fla. 3d DCA 1988) (administrative order cannot be inconsistent with court rule). On remand, Melkonian's Petition for Writ of Certiorari shall be heard by a three-judge panel.[3]
Petition for certiorari granted; order quashed; cause remanded with directions.
NOTES
[1] Although Melkonian styles his action as a Petition for Writ of Mandamus, we treat this action as a certiorari petition. Mandamus is an extraordinary common law remedy "used to enforce an established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law." Puckett v. Gentry, 577 So.2d 965, 967 (Fla. 5th DCA), rev. denied, 591 So.2d 183 (Fla. 1991); see also Flagship Nat'l Bank of Miami v. Testa, 429 So.2d 69 (Fla. 3d DCA 1983) (mandamus will issue to compel judge to determine cause). Petitioner does not argue that the court below failed to perform its duty, but argues instead that the court performed its duty improperly.
[2] Our opinion should not be read to invalidate the remaining portions of the administrative order of January 4, 1994.
[3] Melkonian is entitled to have his petition heard and decided by a three-judge panel. However, contrary to Melkonian's argument, that panel is not required to issue a written opinion. See Foley v. Weaver Drugs, Inc., 172 So.2d 907, 908 n. 2 (Fla. 3d DCA 1965) (written opinions generally not issued "where the writing of an opinion would be without useful purpose, serving only to satisfy the parties that the court adverted to the issues and gave them attention, and to add needlessly to an already excessive volume of opinions.").