682 So.2d 632 (1996)
John LOFTIS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-578.
District Court of Appeal of Florida, Fifth District.
November 1, 1996.
*633 Steven G. Mason of Law Office of Steven G. Mason, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, for Appellee.
THOMPSON, Judge.
John Loftis filed a petition for writ of certiorari to review a final order of the circuit court denying his petition for writ of prohibition. In his petition to the circuit court, Loftis alleged a violation of his right to a speedy trial. A circuit court's order on a writ of prohibition is a final appealable order, and is not reviewable by certiorari. Guzzetta v. Hamrick, 656 So.2d 1327 (Fla. 5th DCA); rev. denied, 663 So.2d 630 (Fla.1995). Therefore, pursuant to Florida Rule of Appellate Procedure 9.040(c), we treated the petition for writ of certiorari as a notice of appeal. Id.; Beshaw v. State, 586 So.2d 1284 (Fla. 3d DCA 1991); State v. Brown, 527 So.2d 207 (Fla. 3d DCA 1987). Based upon State v. Agee, 622 So.2d 473 (Fla.1993), we reverse the circuit court's order and remand with instructions to discharge Loftis.
Loftis was arrested for driving under the influence and disregarding traffic control devices on 9 September 1993. He identified himself as John Shaefer and was released on his own recognizance the following day. All of the arrest and release documents show John Shaefer's name. Had the case progressed normally with no continuances, speedy trial would have expired on 8 December 1993. An arraignment was set for 28 September 1993 and a man whose identity is unknown appeared and entered a plea of not guilty. The trial court set a trial window from 29 November to 17 December 1993. A person or an attorney appeared each time the trial court required an appearance. No warrant was ever issued for a failure to appear.
Having learned that Loftis used John Shaefer's name and identifying information at time of his arrest, the state filed a nolle prosequi on 22 October 1993, 43 days after Loftis' arrest. Later that day, attorney Steven G. Mason filed a notice of appearance as counsel for "John Shaefer," who waived arraignment and pled not guilty to the charges. On 23 March 1994, the state filed the same charges against Loftis. A summons to appear was issued on 6 May 1994.
Attorney Mason filed a motion for discharge on 24 May 1994 alleging the state violated Florida Rule of Criminal Procedure 3.191(a) by failing to bring Loftis to trial within 90 days of his arrest. Mason also relied upon Agee and rule 3.191(o), which provides that the state may not avoid the speedy trial rule by filing a nolle prosequi. The county court denied the motion and held that Loftis had been unavailable because he used a false name. See Florida Rule of Criminal Procedure 3.191(k). The county court ruled that Loftis interfered with the state's ability to bring him to trial within the 90 days by not providing accurate information at the time of his arrest and arraignment. Therefore, the court held, Agee, did not apply and the state could continue its *634 prosecution. Mason sought a writ of prohibition from the circuit court to prevent Loftis' trial. The circuit court found that Loftis "through his misrepresentations, is not entitled to speedy trial discharge" and denied the petition. In a motion for rehearing, Mason supplemented his petition and argued that the matter should be heard before a threejudge panel. The motion for rehearing was denied.
We find no substantial difference between the facts of this case and the facts of Agee, and we thus determine Agee controls. In Agee, the Florida Supreme Court determined that the state is required to bring a defendant to trial within the time provided by the rules of criminal procedure. The state cannot toll this time by filing a nolle prosequi and refiling charges based upon the same conduct after speedy trial has expired. 622 So.2d at 475. In this case, the time to prosecute was 90 days from the date of arrest unless the defendant demanded a "speedier" trial. See Florida Rule of Criminal Procedure 3.191(a) and (b).
The state argues that the false identification is sufficient to establish that Loftis was unavailable pursuant to rule 3.191(j)(3), but this argument is refuted by the facts. By 22 October 1993, when it entered the nolle prosequi, the state knew that Loftis had provided false information. The state had at least three options after becoming aware of Loftis' impersonation. First, the state, after entering the nolle prosequi, could have refiled the charges within 47 days with the correct name on the traffic citations and could have sought to try him during the same trial window. Second, the state could have amended the traffic citation to show that Shaefer was Loftis' alias and continued with the trial date already set. See Florida Rule of Criminal Procedure 3.140(d)(2) and (j) and Florida Rule of Traffic Court 6.455.[1] Finally, the state could have sought an extension of time for due cause pursuant to rule 3.191(i). Instead, the state waited 195 days after the arrest to refile the charges using Loftis' correct name. Any delay in filing charges against Loftis rests squarely with the state. Kelly v. Goldstein, 649 So.2d 921 (Fla. 4th DCA 1995). Because Loftis' misrepresentations did not make him unavailable for trial, he should have been discharged. See Agee; Genden v. Fuller, 648 So.2d 1183 (Fla.1994); Farina v. Perez, 647 So.2d 113 (Fla.1994).
Loftis' second issue on appeal is that the circuit judge should have convened a three-judge panel to hear his petition for writ of prohibition instead of allowing one judge to hear the petition. Loftis cites Melkonian v. Goldman, 647 So.2d 1008 (Fla. 3d DCA 1994); State v. Shaw, 643 So.2d 1163 (Fla. 4th DCA 1994); and State v. Frazee, 617 So.2d 350 (Fla. 4th DCA 1993) to support his position. We find the latter two cases do not support Loftis' argument.
Melkonian dealt with an administrative order that allowed one judge to rule on petitions for writs of certiorari. 647 So.2d at 1009. Unfortunately, the administrative order violated a local rule approved by the Florida Supreme Court which required that petitions for writs of certiorari be assigned to three-judge panels. The appellate court held that the one-judge procedure violated the fundamental requirements of law and returned the case to the circuit court for assignment to a three-judge panel. Id. at 1009-10. Loftis has shown no error in this regard because he has not shown that there is any local rule in the Ninth Judicial Circuit requiring that a three-judge panel hear a petition for an extraordinary writ.[2] Therefore, the holding in Melkonian is not applicable.
The circuit court's order which denied Loftis a rehearing a three-judge panel of the Ninth Judicial Circuit is affirmed. However, we hold that the circuit court should have granted the writ of prohibition and determined the speedy trial period had expired.
*635 We reverse and remand with instructions that Loftis be discharged.
GOSHORN, J., concurs.
GRIFFIN, J., dissents, without opinion.
NOTES
[1] Loftis could have sought additional time to prepare his case had he felt prejudiced by the amendment. See Rule 6.455.
[2] The Ninth Judicial Circuit does have a local rule which provides that appeals are to be heard by single judges unless the assigned judge requests the formation of a panel by the addition of two more judges. The parties have no right to require such a three-judge panel.