FLETCHER, Judge.
Omar Montero petitions for certiorari review of an order of the appellate division of the Dade County Circuit Court, which order dismissed his appeal to the appellate division from the Dade County Court. The dismissal order was predicated upon Montero’s late filing of his initial brief. The order, however, was entered by only one judge of the appellate division, thus, for the reason that follows, we quash the order under review.
The appellate division of the Dade County Circuit Court was established by the Florida Supreme Court rule entitled “Rule 1, Establishment and Defining Jurisdiction of the Appellate Division of the Circuit Court.” The rule provides for cases before the division to be heard on their merits by three-judge panels of the appellate division. The rule also permits “matters preliminary to final determination” to be decided pursuant to other rules to be adopted subsequently. It appears that no subsequent rules have been adopted, although motions to dismiss are assigned to individual judges for determination.
In Melkonian v. Goldvian, 647 So.2d 1008 (Fla. 3d DCA 1994), we determined that appellate division Rule 1 was violated where an individual judge, acting in his appellate capacity, denied a petition for writ of certiorari for failure to demonstrate a prima facie case. We concluded that only a majority of a three-judge panel could so rule, stating:
“Perfecting a dissent is the only judicial task of lasting import that an individual appellate judge may embark upon alone. This maxim of collective judicial action governs the undertakings of supreme court justices and judges of the district courts of appeal, and applies with no less force to judges of the appellate division of the circuit courts.”
Id. at 1009.
Orders dismissing appeals are of lasting-import. Such an order is not merely “preliminary to final determination,” but is the final determination, the end of the road for that appeal. As a consequence, we conclude that any order of the appellate division which dismisses an appeal, including the subject order, must be entered by a majority of a three-judge panel assigned to the case.
Accordingly, the petition for writ of certio-rari is granted and the order under review is quashed.