707 So.2d 917 (1998)
OCEANIA JOINT VENTURE, a Florida joint venture, by its general partner, Castaway's Management, Inc., a Florida corporation, Petitioner,
v.
OCEAN VIEW OF MIAMI, LTD., a Florida Limited Partnership, Ocean Enterprises Development Corporation, as general partner and as successor in interest to Jomaga Investment, Inc., a Florida corporation, Respondents.
No. 97-2629.
District Court of Appeal of Florida, Third District.
March 11, 1998.
*918 Brown, Clark & Walters, P.A., and William G. Christopher, and George J. Dramis, Sarasota, for petitioner.
Eckert, Seamans, Cherin & Mellott, and Stanley B. Price, and Michael W. Larkin, Miami, for respondents.
Before SCHWARTZ, C.J., and NESBITT and GREEN, JJ.
GREEN, Judge.
By petition for writ of certiorari, Oceania Joint Venture ("Oceania") seeks review of an order of the appellate division of the circuit court which denied Oceania's motion for the reinstatement of its appeal. Oceania asserts that a prior order of that court which dismissed its appeal for failure to join an indispensable party was void where it was entered solely by a one-judge panel member. We disagree and deny the writ for the reasons which follow.
On August 19, 1996, Oceania timely appealed an adverse zoning decision of the Board of County Commissioners of Dade County to the appellate division of the Circuit Court of the Eleventh Judicial Circuit. The appeal named only the respondents as appellees. The respondents then moved to dismiss this appeal for Oceania's failure to join the Board of County Commissioners as an indispensable party. This motion was apparently heard and granted by one circuit judge of the appellate division on November 12, 1996. Oceania's subsequent motions to amend its notice of appeal and motion for rehearing were both denied. On January 24, 1997, Oceania petitioned this court for a writ of certiorari to review the order of dismissal solely on the issue of whether the Board of County Commissioners was an indispensable party to the appeal in the circuit court. This court denied the petition without opinion on April 8, 1997.
Oceania then petitioned the Florida Supreme Court for a writ of certiorari requesting that it accept certiorari jurisdiction to issue an order directing our court to accept certiorari jurisdiction and reverse the circuit court's order of dismissal. The supreme court determined that it was without jurisdiction to hear Oceania's petition and, accordingly, denied the same on May 14, 1997.
Thereafter, on July 31, 1997, Oceania filed a motion for the reinstatement of its appeal with the appellate division of the circuit court. In this motion, Oceania argued for the first time that the court had erred previously in allowing one circuit court judge to entertain and rule on the respondents' motion to dismiss, rather than a three-judge panel pursuant to Rule 1, "Establishment and Defining [sic] Jurisdiction of the Appellate Division of the Circuit Court," Fla. 11th Jud. Cir. R. 1 (1996). A three-judge appellate panel of the circuit court then denied this motion on August 11, 1997, reasoning that it was untimely.
Oceania now seeks certiorari review of this order denying its motion for reinstatement and asserts that this order is a departure from the essential requirements of the law because Rule 1, as well as this court's decisions in Montero v. Oak Casualty Insurance Co., 693 So.2d 1024 (Fla. 3d DCA 1997), and Melkonian v. Goldman, 647 So.2d 1008 (Fla. 3d DCA 1994), required respondents' prior motion to dismiss to be heard and ruled upon by a three-judge panel. Oceania further asserts that although it did not assert this infirmity in its prior appeals, it never waived this issue because the requirements of Rule 1 are jurisdictional in nature and thus, may be raised at any time. We disagree and conclude that the three-judge panel requirement *919 contained in Rule 1 is a rule of court that is procedural rather than jurisdictional in nature. Consequently, Oceania's failure to timely challenge, in its prior appeals, the order of dismissal on the grounds that it was entered by one circuit judge has resulted in a waiver of this issue.
Jurisdiction, simply put, is the inherent power to decide a case. See Calhoun v. N.H. Ins. Co., 354 So.2d 882, 883 (Fla. 1978); see also Tucker v. State, 417 So.2d 1006, 1009 (Fla. 3d DCA 1982), approved, 459 So.2d 306 (Fla.1984). "`Subject matter jurisdiction is a power that arises solely by virtue of law. It is conferred upon a court by a constitution or a statute, and cannot be created by waiver, acquiescence or agreement of the parties.'" Chapoteau v. Chapoteau, 659 So.2d 1381, 1384 (Fla. 3d DCA 1995) (quoting Department of HRS v. Schreiber, 561 So.2d 1236, 1240 (Fla. 4th DCA 1990)); see also Snider v. Snider, 686 So.2d 802, 804 (Fla. 4th DCA 1997); Florida Export Tobacco Co. v. Department of Rev., 510 So.2d 936, 943 (Fla. 1st DCA 1987). The Constitution of the State of Florida has specifically conferred jurisdiction upon every circuit judge in this state to entertain, by direct review, administrative action prescribed by general law. See art. V, § 5(b), Fla. Const. The number of circuit judges needed for the exercise of such jurisdiction, however, has not been prescribed either by the constitution or statute. Compare id. art. V, § 3(a) (prescribing seven supreme court justices, five of whom are required to constitute a quorum and the concurrence of four of whom are required for a decision); id. art. V, § 4(a) (mandating that three district court of appeal judges consider each case and that the concurrence of two shall be necessary to render a decision). Rather, the three judge panel requirement for the appellate division of the eleventh circuit was created solely by rule of the Florida Supreme Court pursuant to its exclusive rule-making authority granted under article V, section 2(a) of the Florida Constitution.[1]
That rule, entitled "Establishment and Defining Jurisdiction of the Appellate Division of the Circuit Court,"[2] which was approved by the Supreme Court of Florida on December 14, 1982, reiterates that the appellate division of the circuit court has jurisdiction to entertain certiorari review of decisions of administrative agencies, but goes on to mandate, inter alia, that such cases be heard on their merits by three-judge panels of the appellate division. Thus, in accordance with the dictates of Rule 1, we have declared that a three-judge panel is needed for the disposition of any appeal to the circuit court. See Montero, 693 So.2d at 1024 (any order of the appellate division dismissing an appeal must be entered by a majority of a three-judge panel); Melkonian, 647 So.2d at 1009-10 (quashing administrative order which permitted *920 an individual judge of appellate division to rule on the merits of a petition for writ of certiorari). Because this three-judge requirement, however, was enacted by rule of court, rather than by statute or constitution, it simply cannot be construed as being jurisdictional in nature.
Unless otherwise prescribed by statute,[3] it is clear that the Florida Supreme Court's exclusive rule-making authority conferred under article V, section 2, is limited to rules governing procedural matters and does not extend to substantive rights. See Boyd v. Becker, 627 So.2d 481, 484 (Fla.1993); State v. Garcia, 229 So.2d 236, 238 (Fla.1969); Military Park Fire Control Tax Dist. No. 4 v. DeMarois, 407 So.2d 1020, 1021 (Fla. 4th DCA 1981); State v. J.A., 367 So.2d 702, 703 (Fla. 2d DCA 1979); see also United States v. Sherwood, 312 U.S. 584, 589, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941) ("An authority conferred upon a court to make rules of procedure for the exercise of its jurisdiction is not an authority to enlarge that jurisdiction...."); 20 Am.Jur.2d, Courts, § 49 (1995). While it is not always easy to distinguish between substantive and procedural matters, one court has put it thus:
Substantive law prescribes duties and rights under our system of government, and the legislature is responsible for enacting such law. Procedural law concerns the means and methods to apply and enforce those duties and rights and the supreme court determines procedural law through the promulgation of rules.... Substantive law creates, defines and regulates rights, while procedural law is the legal machinery by which substantive law is made effective.
J.A., 367 So.2d at 703 (citing Benyard v. Wainwright, 322 So.2d 473 (Fla.1975); State v. Garcia, 229 So.2d 236 (Fla.1969)). Thus, for example, in J.A., the court found a statute mandating the dismissal of any delinquency petition not filed within thirty days of the date of the complaint to be a matter of substantive right, and the rule prescribing the manner in which the thirty day time period was to be computed to be procedural in nature. See 367 So.2d at 704.
In the absence of a constitutional or statutory basis, the three-judge requirement of Rule 1 can only be construed as procedural in nature. For this reason, the cases relied upon by Oceania, Seifert v. Gary, 82 Md.App. 337, 571 A.2d 871 (Md.Ct.Spec.App.1990) and Sands v. Wainwright, 491 F.2d 417 (5th Cir. 1973), are inapposite. Both cases addressed the issue of whether statutes requiring three-judge panels were jurisdictional or procedural, and both courts concluded that they were jurisdictional. Since both of these cases involved legislative enactments rather than rules of court, these decisions are easily distinguishable.
We therefore conclude that the order dismissing Oceania's appeal entered by the one-judge panel, although in clear violation of Rule 1, was nevertheless voidable rather than void. Consequently, Oceania's failure to timely raise this infirmity in its prior appeals has now resulted in a waiver of this issue. See Regal Marble, Inc. v. Drexel Invs., Inc., 568 So.2d 1281, 1283 (Fla. 4th DCA 1990); Behar v. Jefferson Nat'l Bank at Sunny Isles, 519 So.2d 641, 643 (Fla. 3d DCA 1987); see also Morris v. Connecticut Gen. Life Ins. Co., 346 So.2d 589, 591 (Fla. 3d DCA 1977); Okeelanta Sugar Refinery, Inc. v. Maxwell, 183 So.2d 567, 569 (Fla. 4th DCA 1966); Weisman v. Weisman, 141 So.2d 622, 623 (Fla. 3d DCA 1962). We therefore must deny the petition.
Petition denied.
NOTES
[1] This section provides that:

The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review, the administrative supervision of all courts, the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no case shall be dismissed because an improper remedy has been sought.
Art. V, § 2(a), Fla. Const.
[2] The rule provides:

The Appellate Division of the Circuit Court is hereby established and will be responsible for the disposition of the following matters:
1. Appeals from the County Court, Dade County.
2. Petitions for writ of certiorari which seek review of a decision of any public body, city or county commission or council, administrative board or agency, or the County Court.
3. The cases referred to in paragraphs numbered 1 and 2 will be captioned as in the "Appellate Division" of the Circuit Court and will be filed with the Clerk for the Appellate Division to be located in the Metropolitan Justice Building or Dade County Courthouse as designated by the Chief Judge from time to time. Such cases will be consecutively numbered.
4. The cases referred to in paragraphs numbered 1 and 2 will be heard on their merits by three-judge panels of the Appellate Division, which panels will be determined by random selection among all the judges assigned to the division. Matters preliminary to final determination of such cases will be determined in accordance with rules of the Appellate Division to be hereinafter promulgated by the Chief Judge or Administrative Judge of the Appellate Division.
5. Such other related matters as may be assigned or reassigned by the Chief Judge.
Fla. 11th Jur. Cir. R. 1 (1996).
[3] Compare section 59.081, Florida Statutes (1997), where in 1969 by legislative fiat, the supreme court was specifically conferred authority to prescribe, by rule, the time for invoking appellate jurisdiction of any court. That statute provides:

(1) The time within which and the method by which the jurisdiction of any court in this state possessed of power to review the action of any other court, commission, officer or bureau may be invoked by appeal, certiorari, petition for review or other process by whatever name designated, and the manner of computing such time shall be prescribed by rule of the Supreme Court.
(2) Failure to invoke the jurisdiction of any such court within the time prescribed by such rules shall divest such court of jurisdiction to review such cause.