The Honorable David R. Ellspermann Clerk of the Circuit Court Marion County Post Office Box 1030 Ocala, Florida 34478-1030
Dear Mr. Ellspermann:
You ask substantially the following question:
Does a "Designation of Homestead" or "Head of Family Affidavit" created by an individual and offered for recording in the Official Records comply with the statutory requirements for recording under Florida law?
You have provided copies of a "Designation of Homestead" and a "Head of Family Affidavit" that was presented to your office for recording, but refused due to their not being in compliance with Florida Statutes. The individual has complained to this office regarding your failure to record the documents he has offered. You have asked this office to determine whether the documents provided meet the statutory requirements for recording.
Initially, I would note that this office has no enforcement powers over the clerks of courts of this state, nor can we make factual determinations as to whether a particular document may be recorded. It is the duty of the clerk of court to make such a determination, and in the event an individual claims that the clerk has failed to carry out his or her ministerial duty to record a document, the aggrieved individual may seek a mandamus order compelling the clerk to act.[1]
Section 28.222, Florida Statutes, provides that the clerk of court "shall be the recorder of all instruments that he or she may be required orauthorized by law to record in the county where he or she is clerk."[2]
The statute enumerates certain instruments that must be recorded and recognizes the clerk's responsibility to record, upon payment of the service charges prescribed by law, "any other instruments required or authorized by law to be recorded."[3] It has been the position of this office that the clerk of court is a ministerial officer whose authority and responsibility are derived from both constitutional and statutory provisions.[4] Thus, this office has determined that if an instrument is entitled to be recorded, it must be recorded by the clerk if properly executed and upon payment of the clerk's fee.[5] In performing this duty, the clerk of circuit court acts in a purely ministerial capacity and has no discretion.[6]
However, this office has also stated that the clerk of court may not accept for recording in the official records any document that the law does not authorize or require him or her to record. In Attorney General Opinion 90-69, this office considered whether the clerk of court must record documents not identified in section 28.222, Florida Statutes, such as living wills, child custody agreements between parties without court approval, foreign state birth certificates, foreign country birth certificates and documents in a foreign language without an English translation. The opinion focused on the limitation upon the authority of the clerk to perform only those duties authorized by law and recognized the statutory mandate that the clerk record "all instruments that he or she may be required or authorized by law to record in the county where he or she is clerk." Based on these considerations, this office concluded that the clerk is not authorized to record any document or instrument that is not specifically required or authorized to be recorded by section28.222, Florida Statutes, or by any other provision of law.
Pertinent to your inquiry, section 222.01(1), Florida Statutes, states:
"Whenever any natural person residing in this state desires to avail himself or herself of the benefit of the provisions of the constitution and laws exempting property as a homestead from forced sale under any process of law, he or she may make a statement, in writing, containing a description of the real property, mobile home, or modular home claimed to be exempt and declaring that the real property, mobile home, or modular home is the homestead of the party in whose behalf such claim is being made. Such statement shall be signed by the person making it and shall berecorded in the circuit court." (e.s)
While section 222.01, Florida Statutes, does not prescribe a form to be used when making a declaration of homestead, it does set forth the necessary elements constituting a declaration of homestead.[7] To the extent the document presented by an individual for recording constitutes a "Declaration of Homestead" contemplated by section 222.01(1), Florida Statutes, the clerk of court is required by law to record such document. However, the clerk's acceptance and recording of the document does not ensure the legal effect of such document. Rather, the clerk is merely performing his or her ministerial duty.
I have not found a statutory provision, nor has one been drawn to my attention, for a "Head of Family Affidavit" to be recorded by the clerk of court. As discussed above, absent such a statutory direction the clerk is not authorized to record such a document.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] See Melkonian v. Goldman, 647 So.2d 1008 (Fla. 3rd DCA 1994) (mandamus used to enforce established legal right by compelling person in official capacity to perform an indisputable ministerial duty required by law).
[2] Section 28.222(1), Fla. Stat.
[3] Section 28.222(3)(h), Fla. Stat.
[4] See Ops. Att'y Gen. Fla. 79-70 (1979); 86-38 (1986); 97-67 (1997) and 98-65 (1998). See also Alachua County v. Powers, 351 So.2d 32, 35
(Fla. 1977).
[5] See Op. Att'y Gen. Fla. 75-309 (1975) (clerk is required to record any deed properly executed upon proper payment of the clerk's service charge if such deed is otherwise entitled to be recorded under s. 28.222, Fla. Stat.). And see Op. Att'y Gen. Fla. 67-6 (1967) (clerk has no duty, responsibility or authority to examine an instrument presented for filing to determine if the requisites of the Uniform Commercial Code have been met except that statute requires clerk to insure that instrument contains a statement to the effect that the documentary stamp tax has been paid).
[6] See Op. Att'y Gen. Fla. 91-18 (1991) and cases cited therein.
[7] Cf., e.g., LexisNexis Florida Real Personal Property Forms, Form 14.01 Homestead Declaration, Where Property Has One Declared Owner.