PER CURIAM.
Petitioner, who is a defendant in a criminal proceeding below, has petitioned for a writ of certiorari to review an order removing defendant’s specially appointed assistant public defender. We grant the petition and quash the trial court’s order.
Defendant is charged with first degree murder and other offenses. The public defender certified that a conflict of interest existed between defendant and his three codefendants. The trial judge to whom the matter was initially assigned appointed a special assistant public defender to represent defendant. See § 27.53(3), Fla.Stat. (1987). Soon thereafter the defendant’s case was transferred to the division of the respondent judge, to whom all four code-fendants are now assigned.
The special assistant public defender filed several motions on his client’s behalf. Approximately three weeks after being appointed, the special assistant public defender appeared before the transferee judge to argue the pending motions. At that time the transferee judge alluded to past differences between himself and the special assistant public defender in an unrelated case. The court indicated a reluctance to opt for recusal in a multi-defendant criminal case, which would cause a shifting of a substantial workload to another judge. Operating on the premise that it is the court’s prerogative to appoint the special assistant public defenders who appear in that division, the court expressed a preference to have someone else serve as counsel for the defendant. The court thereupon appointed substitute counsel and removed the special assistant public defender. The removed attorney, joined by the defendant individually, moved for reconsideration and asked that the original special assistant public defender be reinstated. The motion was denied and the defendant then petitioned for certiorari.
While the trial court acted with the best of intentions, the order of substitution was impermissible and departed from the essential requirements of law. The focus in a case such as this should be on the defendant’s rights. As soon as the assigned judge is aware of a defendant’s right to court appointed counsel, the judge should appoint such counsel at the earliest practical time to best insure protection of the accused’s rights. Should a successor judge later be assigned the case, the focus must remain on protecting the defendant’s *716 right to counsel. Consequently, should that second judge decide, as here, that he can not preside impartially because of differences with the defendant’s attorney, it is the judge who should remove himself from the ease; removal of the defendant’s attorney is not an option in such a situation. See Fla.Bar Code Jud.Conduct, Canon 3C(l)(a); § 38.10, Fla.Stat. (1987); cf. Ginsberg v. Holt, 86 So.2d 650, 651 (1956) (disqualification of judge “when the prejudice against the lawyer is of such degree that it adversely affects the client”). Accordingly, a successor judge must honor another judge’s appointment of counsel unless good cause for removal of counsel is demonstrated. See, e.g., Fla.Bar R.Prof.Conduct 4-1.7 to 4-1.12 (grounds for disqualification of counsel).
We therefore grant the petition, quash the order of substitution, and reinstate the original special assistant public defender.