586 So.2d 1284 (1991)
John W. BESHAW, Jacqueline Ann Freeman, Susan E. Finn, Kathy Finn, Edvin V. Fairinnholt, Gary J. Camblin, Lois Lundquist, James Morrow, Maureen McDermott, Phillip Massetti, Michael W. Malles, Frances T. McGlynn, Zelma J. Pereira, Rory Pastorius, Henry Patino, Kathleen Vacheresse, Thomas E. Kryst, and Charles Todell, Appellants,
v.
STATE of Florida, Appellee.
No. 91-227.
District Court of Appeal of Florida, Third District.
October 1, 1991.
Rehearing Denied November 6, 1991.
Craig S. Bulkeley, Larry L. Cook, Dean DiBartolomeo, Miami, for appellants.
Robert A. Butterworth, Atty. Gen., and Anita J. Gay, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and COPE, JJ.
PER CURIAM.
This was originally an appeal by the defendants John W. Beshaw, et al., from a final order of the circuit court denying their petition for a writ of prohibition. Thereafter, we entered an order treating the notice of appeal as a petition for a writ of certiorari. Upon further reflection, however, we conclude that the proper method of review from a final order of the circuit court denying a petition for a writ of prohibition is by appeal. See, e.g., Granade v. Ader, 530 So.2d 1050 (Fla. 3d DCA), rev. denied, 541 So.2d 1172 (Fla. 1988); State v. Brown, 527 So.2d 207 (Fla. 3d DCA 1987); Bradley v. McDermott, 466 So.2d 1108 (Fla. 5th DCA 1985); Caverly v. State, 436 So.2d 191 (Fla. 2d DCA 1983); compare Hoffman v. Land, 55 So.2d 806 (Fla. 1951); Conner v. Mid-Florida Growers, Inc., 541 So.2d 1252, 1256 (Fla. 2d DCA 1989); City of Miami Beach v. State ex rel. Pickin' Chicken of Lincoln Road, Inc., 129 So.2d 696 (Fla. 3d DCA 1961).
On the merits, we affirm. The record reflects that the state promptly provided the defendants with discovery materials on the same day they were requested and in no way violated the discovery rules. Accordingly, the trial court did not, as urged, err in granting the defendants' motion for continuance chargeable to the defense (rather than the state) in this criminal trespass case in county court, after the defendants announced on the day of trial [during the 15-day speedy trial window] that they were not ready to proceed. This *1285 being so, the defendants waived their speedy trial rights under Fla.R.Crim.P. 3.191, the court properly denied the defendants' motion for discharge, and the circuit court was eminently correct in denying the defendants' petition for a writ of prohibition. Granade; cf. State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA), rev. denied, 453 So.2d 45 (Fla. 1984).
As for the failure to arraign the defendants until during the 15-day speedy trial window, we are cited to no authority that this delay compelled the trial court to charge the defense continuance herein to the state. Indeed, we conclude that this delay in no way hindered the defendants in their preparation for trial and did not compel the defendants to request a continuance in this case.
Affirmed.