676 So.2d 435 (1995)
CAMPBELL SOUP COMPANY, Petitioner,
v.
Honorable Susan W. ROBERTS, Respondent.
No. 95-04051.
District Court of Appeal of Florida, Second District.
December 1, 1995.
M. Diane Vogt, Tampa, for Petitioner.
John W. Frost, II and Mark A. Sessums of Frost, O'Toole & Saunders, P.A., Bartow, for Respondent.
Robert A. Butterworth, Attorney General, Tallahassee, and Thomas E. Allison, Assistant Attorney General and Henry A. Gill, Jr., Assistant Attorney General, for Respondent.
PER CURIAM.
Campbell Soup Company (Campbell) filed its petition for writ of prohibition after the respondent judge denied its motion to disqualify her from presiding over a products liability trial as facially insufficient. Many of the grievances which Campbell claims unfairly prejudice it from receiving a fair trial can be characterized as adverse rulings, and cannot form the basis of a successful petition for writ of prohibition. Gilliam v. State, 582 So.2d 610 (Fla.1991). Two areas, however, cause us concern with regard to the facial sufficiency of the motion filed below.
The first relates to an unusual factual development involving Campbell's trial counsel. Concerned that local trial counsel was not prepared, and had not kept it informed of developments in the case, Campbell discharged the attorney shortly before the scheduled trial date. As would be expected, counsel then moved to withdraw from the case. The trial court denied the motion. Counsel was then forced into the untenable position of representing a corporate client which had discharged him, and with whom there was at least the prospect of becoming a civil antagonist. The trial court explained that its decision was made to protect Campbell's new counsel from being unprepared for the imminent trial date, and inferred that the discharged counsel would not have to participate in the trial itself. While the trial court's concern to assure a litigant is properly prepared *436 for trial is laudable, we think other measures, such as a continuance, would have effected that design without forcing the party to continue in the case with counsel it had chosen to discharge.
Aggravating circumstances even more, the trial court clearly indicated that it was siding with the attorney in question in this dispute by stating, "You know something, I would like to protect [trial counsel]. Just from knowing the little bit about this exchange that I do know about it, it looks to me like [trial counsel] is sort of an innocent victim, and I don't like the way he's been treated." Based on this statement, Campbell's assertion in its motion and accompanying affidavit that these circumstances had given it a well-grounded fear that it would not receive a fair and impartial trial is reasonable. See Rogers v. State, 630 So.2d 513 (Fla.1993).
During the process in which Campbell discharged its trial counsel, an affidavit from its corporate legal staff was presented to the trial court. After examining the affidavit, it expressed doubt as to its reliability, commenting that "[I]f the president of Campbell Soup were to file a similar affidavit, I don't know how much credence I would give it if it had the same things in it."
As a general proposition, a statement by a trial judge that he or she feels a party has lied in the case is generally regarded as indicating a bias against the party. Deauville Realty Co. v. Tobin, 120 So.2d 198 (Fla. 3d DCA 1960). More recently, a petition for writ of prohibition was granted because the trial court, having been presented an affidavit from a party, commented, "If [the party] were here I wouldn't believe him anyway." Brown v. St. George Island, Ltd., 561 So.2d 253 (Fla.1990). A district court discussed a similar judicial comment about a party's believability ("as thin as a balloon"), and granted a petition for writ of prohibition. Owens-Corning Fiberglas Corporation v. Parsons, 644 So.2d 340 (Fla. 1st DCA 1994).
We conclude that the respondent judge's comments about the credibility of this corporate party sufficiently warranted its concerns about the fairness of the upcoming trial. Accordingly, we grant the petition, but withhold issuance of a formal writ on the assumption that the trial court will remove itself from hearing any further matters in this case.
ALTENBERND, A.C.J., and LAZZARA and QUINCE, JJ., concur.