PER CURIAM.
Mary M. Wicklund has petitioned for a writ of prohibition to disqualify the trial judge, Vincent G. Torpy, Jr., from presiding in the instant case because of alleged bias against Wicklund’s attorney. Wick-lund filed a motion to recuse below, supported by her affidavit stating that she feared the bias and prejudice against her attorney would affect her receiving a fair trial. Specifically, Wicklund alleged (1) that her attorney and Judge Torpy opposed each other in a number of cases before Judge Torpy was appointed to the bench, (2) during these cases Torpy developed and exhibited what appeared to be a demonstrative dislike and contempt of Wicklund’s attorney which continues on to the current day, (3) Torpy wrote a letter to Wicklund’s attorney in a prior case stating that “I (Torpy) have a low regard for your approach to the practice of law,” and (4) Wicklund’s attorney, in open court, represented to the court that Torpy attempted to improperly influence the special master appointed in a case.
The test for determining the legal sufficiency of a motion for recusal is whether “the facts alleged (which must be taken as true) would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial.” Hayslip v. Douglas, 400 So.2d 553, 556 (Fla. 4th DCA 1981), (citing, State ex rel. Brown v. Dewell, 131 Fla. 566, 179 So. 695 (1938)). The facts presented in the affidavit are sufficient to prompt Wicklund to believe she could not get a fair trial based on the antipathy of the trial judge towards her attorney.
Accordingly, we grant the petition for writ of prohibition, quash the order denying the motion for recusal, and remand this case for assignment to a different trial judge.
PETITION GRANTED; ORDER QUASHED.
COBB, PETERSON and THOMPSON, JJ., concur.