784 So.2d 1235 (2001)
Nathaniel Dustin GATES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2100.
District Court of Appeal of Florida, Second District.
April 27, 2001.
*1236 James Marion Moorman, Public Defender, and Terrence E. Kehoe, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawifkofsky, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Acting Chief Judge.
Nathaniel Gates has appealed his conviction for second degree murder, contending that the trial court erred in failing to grant his motion for disqualification. We agree and grant his requested relief, a new trial.
During Mr. Gates's trial the judge became frustrated with what she perceived as incompetence on the part of one of the defense attorneys. On the first day of trial the judge vocalized her frustration by reprimanding the attorney both in front of the jury and at sidebar conferences, loudly enough that the judge's voice allegedly could be heard at the back of the courtroom. At the close of the day the defense attorneys moved for a mistrial based on their perception of the judge's bias against their client, specifically citing an incident at the bench that could be overheard by the clerk and the jury. The judge denied that motion. The following morning defense counsel presented the court with a written motion for disqualification, alleging several grounds, the most significant of which cited the judge's vocal displeasure with the defense attorney in a manner that could be heard by the jury, and particularly a threat to castigate counsel in open court.
A litigant's substantive right to seek disqualification of an allegedly biased judge is provided by section 38.10, Florida Statutes (1999), which states:
Whenever a party to any action or proceeding makes and files an affidavit stating fear that he or she will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of that court against the applicant ..., the judge shall proceed no further.
The procedure to be followed when such a motion is before the court is provided in Florida Rule of Judicial Administration 2.160. When presented with a motion for disqualification alleging a fear of prejudice or bias under rule 2.160(d)(1), the trial judge is limited to assessing its procedural and legal sufficiency and is not to pass upon the truth or falsity of the allegations.
*1237 Because Mr. Gates's motion was procedurally sufficient, the judge's next step was to consider whether the motion stated legally sufficient grounds for her disqualification. The defendant averred that the judge's conduct caused him to fear that he would not receive a fair trial. Legal sufficiency involves more than mere averment, however. The motion must state a factual foundation for the defendant's fear of prejudice, and the duty of the court is to ascertain whether the facts as alleged in the motion would cause a reasonably prudent person to fear not receiving a fair trial. Livingston v. State, 441 So.2d 1083 (Fla.1983). This determination is to be based on the allegations only; the judge is not to consider their truth or falsity or in any way to contradict or adjudicate the disqualification question. Rogers v. State, 630 So.2d 513 (Fla.1993).
Here, the trial court erred by failing to grant this motion. A threat to humiliate defense counsel in front of the jury, particularly coming after a sidebar conference in which the judge allegedly chastised defense counsel so loudly that she could possibly be heard by the jury, was sufficient to create in the defendant a reasonable fear that he would not receive a fair trial at the hands of the judge. See Wicklund v. Schoff, 755 So.2d 192 (Fla. 5th DCA 2000); Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981). "A trial court's prejudice against an attorney may be grounds for disqualification when such prejudice is of such a degree that it adversely [a]ffects the litigant." Franco v. State, 777 So.2d 1138, 1140 (Fla. 4th DCA 2001). The focus in a case such as this should be on the rights of the defendant. Id. (citing Robinson v. Tobin, 547 So.2d 714 (Fla. 3d DCA 1989)). The party moving for disqualification does not need to establish that the judge is actually biased against him or her, but the motion and affidavit are legally sufficient if they demonstrate that party's "well grounded fear" of not receiving a fair trial. Rucks v. State, 692 So.2d 976, 977 (Fla. 2d DCA 1997).
The judge further erred when she attempted to refute the factual accuracy of the allegations. When initially considering the oral motion and during discussions about the ruling on the written motion, the judge took issue with the assertion that she had spoken loudly enough to be overheard by the jury. To bolster her position she cited her conversation with a courtroom clerk who apparently could hear only the defense attorney's remarks at sidebar and not the judge's. The judge thus concluded that it was unlikely that the jury had heard her comments. By attempting to justify her denial of the motion, however, and by failing to limit her inquiry to the legal sufficiency of the motion, the court clearly erred. Rowe-Linn v. Berman, 601 So.2d 618 (Fla. 4th DCA 1992).
Reversed and remanded for a new trial.
SALCINES and STRINGER, JJ., concur.