CASANUEVA, Judge.
This appeal arises from a lawsuit instituted by various tenants in a mobile home park and a purported mobile homeowners’ association against the owners of the park. The park owners had notified the homeowners of their need to secure other accommodations in anticipation of the park owners’ intention to change the land use. When the mobile homeowners did not vacate as warned, the park owners filed eviction lawsuits in county court pursuant to section 728.061(3), Florida Statutes (1997). During that litigation the purported mobile homeowners’ association filed motions to intervene in the county court actions; those motions were granted in six of the eight cases filed. The mobile homeowners also filed motions to dismiss, which were denied. Their next step was to seek review of a number of county court orders by filing petitions for writs of prohibition (seeking an appraisal in the circuit court), common law certiorari, and all writs in the appellate division of the circuit court. When the circuit court denied relief, this appeal ensued.
Of the circuit court orders entered in this case, only the denial of the writ of prohibition is an appealable final order, see 2 Philip J. Padovano, Florida Appellate Practice § 21 (2001-02), and we affirm that order. In spite of the denomination of this matter as an appeal, the remaining rulings are reviewable in this court only through a petition for writ of certiorari to the circuit court sitting in its appellate capacity, or “second-tier certiora-ri,” and we treat this matter as such. Fla. R.App. P. 9.040(c). Our scope of review of this type of petition is quite narrow, limited to the issues of whether the circuit court afforded procedural due process and whether it applied the correct law. See Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000); Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995); see also Florida Power & Light Co. v. City of Dania, 761 So.2d 1089, 1092 (Fla.2000) (“As a practical matter, the circuit court’s final ruling in most first-tier cases is conclusive, for second-tier review is extraordinarily limited.”). The petitioners have not demonstrated that the circuit court failed in either essential, and we therefore deny the petition for certiorari. Our disposition is, of course, without prejudice to any rights the petitioners might have to pursue these issues on an appropriate plenary appeal.
Appeal affirmed; petition for certiorari denied.
STRINGER and COVINGTON, JJ., Concur.