873 So.2d 356 (2004)
HOUSING AUTHORITY OF the CITY OF TAMPA, Petitioner,
v.
Connie BURTON, Respondent.
No. 2D03-995.
District Court of Appeal of Florida, Second District.
March 24, 2004.
Rehearing Denied May 17, 2004.
*357 J. Frazier Carraway, Astrid Hapanowicz, and Cheryl J. Lister of Saxon, Gilmore, Carraway, Gibbons, Lash & Wilcox, P.A., Tampa, for Petitioner.
Guy M. Burns, Jonathan S. Coleman, and Zachary D. Messa of Johnson, Pope, Bokor, Ruppel & Burns, P.A., Tampa, for Respondent.
WALLACE, Judge.
The Tampa Housing Authority seeks certiorari review of the circuit court's order denying its petition for writ of prohibition. The petition for writ of prohibition had sought to disqualify the county judge from further proceedings in litigation to evict a tenant of the Housing Authority. We treat the petition for writ of certiorari as an appeal from the circuit court and affirm.
In Hillsborough County Court, the Housing Authority obtained a favorable jury verdict in the eviction trial of Connie Burton, a resident of public housing in Tampa. When ruling on Burton's motion for a new trial, the county judge denied the motion on the grounds asserted but ordered a new trial on his own initiative based on his personal observation that one juror was "consistently asleep in the jury box during the presentation of evidence" and that "to allow the jury verdict to stand would be a manifest injustice." The trial record did not contain any mention by either party or the judge of a sleeping juror. The Housing Authority filed a motion to disqualify the county judge, accompanied by affidavits of representatives of the Housing Authority who were present during the trial but did not observe the juror sleeping. The Housing Authority feared judicial prejudice or bias because the county judge did not raise the issue of juror misconduct until after the trial's conclusion, even though such misconduct could have been cured by seating an alternate juror during the trial. The county judge denied the motion.
The Housing Authority filed a petition for writ of prohibition in the Circuit Court of the Thirteenth Judicial Circuit seeking to direct the county judge to disqualify himself. Ruling that the Housing Authority's motion lacked sufficient facts alleging prejudice or bias, the circuit court denied the petition.
The order denying the Housing Authority's petition for writ of prohibition concluded the original proceeding in the circuit court. As such, the order is an appealable final order. See Harris v. Culbreath, 818 So.2d 563, 564 (Fla. 2d DCA 2002); Loftis v. State, 682 So.2d 632, 633 (Fla. 5th DCA 1996); State v. Brown, 527 So.2d 207, 208 (Fla. 3d DCA 1987); Philip J. Padovano, Florida Appellate Practice § 21.4 (2003 ed. West Group); but see State v. Shaw, 643 So.2d 1163 (Fla. 4th DCA 1994). Accordingly, we treat the Housing Authority's petition for writ of *358 certiorari as a timely filed notice of appeal. See Fla. R.App. P. 9.040(c).
For the county judge ruling on the motion, the circuit court entertaining the petition for writ of prohibition, and this court on direct appeal, the sole issue is the legal sufficiency of the Housing Authority's motion to disqualify without regard to proof of prejudice or bias. See Roberts v. State, 840 So.2d 962, 968-69 (Fla.2002). "A motion to disqualify shall show ... that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge...." Fla. R. Jud. Admin. 2.160(d)(1); see also § 38.10, Fla. Stat. (2002). A motion is legally sufficient when the facts alleged, taken as true, would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial. Thompson v. State, 759 So.2d 650, 659 (Fla.2000); Peterson v. Asklipious, 833 So.2d 262, 263-64 (Fla. 4th DCA 2002). The alleged facts must be "germane to the judge's undue bias, prejudice or sympathy." Dragovich v. State, 492 So.2d 350, 352 (Fla.1986). Adverse rulings, by themselves, whether they are correct or incorrect, are not legally sufficient grounds upon which to base a motion to disqualify a judge for prejudice or bias. Thompson, 759 So.2d at 659; Areizaga v. Spicer, 841 So.2d 494, 496 (Fla. 2d DCA 2003).
Based upon our de novo review of the motion and supporting affidavits, the gravamen of the Housing Authority's fear of prejudice or bias was that the new trial order lacked a basis in law and fact. The Housing Authority did not allege facts relating to the county judge's personal prejudice or bias. A disqualifying prejudice does not result "merely from the fact that the judge has ruled adversely to the party who seeks to disqualify him." Wilson v. Renfroe, 91 So.2d 857, 860 (Fla.1956). The circuit court's order denying the petition for writ of prohibition was not in error, and we affirm.
Affirmed.
SALCINES, J., Concurs.
VILLANTI, J., Dissents with opinion.
VILLANTI, Judge, Dissenting.
I respectfully dissent because in my view, the allegations contained in the Housing Authority's motion to disqualify would place a reasonably prudent person in fear of not receiving a fair and impartial trial or hearing.
As the majority notes, the sole issue before this court is the legal sufficiency of the Housing Authority's motion to disqualify. A legally sufficient motion to disqualify must allege facts which, if true, would cause a reasonably prudent person to fear he would not receive a fair and impartial trial or hearing. Thompson v. State, 759 So.2d 650, 659 (Fla.2000). The motion must contain facts that are "germane to the judge's undue bias, prejudice, or sympathy." Jackson v. State, 599 So.2d 103, 107 (Fla.1992) (emphasis added). Here, the Housing Authority's motion contained facts germane to the judge's bias because the facts and the reasonable inferences that could be drawn from them suggested the judge was not able to conduct a fair and impartial trial or hearing.
Unlike the majority, I do not believe that a facially sufficient motion for disqualification must be read so narrowly that only facts directly representative of prejudice can serve as evidence of the judge's bias. Rarely, if ever, will facts standing on their own clearly show a judge's blatant bias. Instead, the question of whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair trial requires a court to consider whether *359 the facts as stated by the party reasonably create the inference the party is suggesting they create. In this case, the facts do lead to the reasonable inference the Housing Authority is suggesting, namely, that by ordering a new trial based on the judge's observation of a sleeping juror that neither party observed and that the judge himself failed to bring to the attention of either party, the judge exhibited bias and favoritism toward the tenant.
The majority correctly notes that bias cannot be inferred from a trial judge's adverse ruling. However, this case goes beyond an adverse ruling. By ordering a new trial based on a juror observed sleeping by no one except the judge, without conducting an evidentiary hearing to determine (1) whether the juror actually was asleep and (2) whether the verdict was compromised by the sleeping juror, the judge effectively interjected himself into the litigation such that he became an advocate rather than an impartial arbiter. This was tantamount to the judge's taking the bat from the tenant, corking it, and then hitting a home run for her. Although the law is clear that an adverse ruling alone does not warrant a judge's disqualification, when a judge actually interjects himself into the litigation, thereby giving one party an unfair advantage, there is a basis for disqualification. See Shore Mariner Condo. Ass'n v. Antonious, 722 So.2d 247 (Fla. 2d DCA 1998) (disqualifying judge for instructing defendant to amend his pleadings to include additional defenses, thus creating the appearance of favoritism); Campbell Soup Co. v. Roberts, 676 So.2d 435, 436 (Fla. 2d DCA 1995) (judge's statement that defendant's dismissed counsel was "innocent victim" and insistence that counsel continue to represent defendant created well-grounded fear about judge's inability to be impartial); Zuchel v. State, 824 So.2d 1044, 1046 (Fla. 4th DCA 2002) (denial of right to cross-examination was more than adverse ruling but an indication of "unwillingness to hear" one party's side of case); J.F. v. State, 718 So.2d 251, 252 (Fla. 4th DCA 1998) (trial court "depart[ed] from a position of neutrality" when it ordered, sua sponte, production of evidence State did not even offer into evidence).
The judge's propitious ruling in this case correlated to his interjecting himself into the litigation because without affording the parties a hearing on the matter, he implicitly made factual findings as to both the existence of a sleeping juror and the prejudice caused by this sleeping juror. These facts give rise to an inference of partiality sufficient to cause a reasonably prudent person to fear his ability to obtain a fair trial or hearing. For these reasons, I would reverse.