939 So.2d 116 (2006)
ALICIA RIVERA, Appellant,
v.
THE STATE OF FLORIDA, Appellee.
Case No. 3D05-818.
District Court of Appeal of Florida, Third District.
Opinion filed October 18, 2006.
Bennett H. Brummer, Public Defender, and John Eddy Morrison, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Michael E. Hantman, Assistant Attorney General, for appellee.
Before FLETCHER, WELLS, and SUAREZ, JJ.

ON MOTION FOR REHEARING
WELLS, Judge.
We deny rehearing. However, we certify that our decision is in conflict with Housing Auth. of Tampa v. Burton, 873 So. 2d 356, 357 (Fla. 2d DCA 2004).
The State argues that Beshaw v. State, 586 So. 2d 1284, 1284 (Fla. 3d DCA 1991) (concluding that "that the proper method of review from a final order of the circuit court denying a petition for writ or prohibition is by appeal"), and State v. Brown, 527 So. 2d 207, 208 (Fla. 3d DCA 1987) ("The order of prohibition which concluded the proceeding is thus appealable as a matter of right by the State  as it would be by any other litigant  as an appeal from a final order or judgment."), mandate that the circuit court's order denying the instant petition for writ of prohibition be treated as an appeal from a final order. We disagree.
We find Sheley v. Florida Parole Comm'n, 720 So. 2d 216 (Fla. 1998), postdating both Beshaw and Brown, to be dispositive. In Sheley, the Florida Supreme Court addressed district court review of a circuit court order denying a petition for writ of mandamus which, like the instant petition filed in the circuit court below, sought appellate review of a lower tribunal order (there an administrative order). In deciding that the district court properly treated review of the order denying the writ of mandamus as a certiorari rather than an appeal, the Florida Supreme Court stated:
Sheley claims that the district court erred in treating his appeal as a petition for writ of certiorari. He contends that he was entitled to a full review on the merits of his claim rather than a review under the more restrictive standard that applies to petitions for writ of certiorari. We disagree.
Mandamus is an accepted remedy for reviewing an order of the Florida Parole Commission. Griffith v. Florida Parole and Probation Comm'n, 485 So. 2d 818 (Fla. 1986). Such petitions are properly directed to the circuit courts. Jones v. Florida Dep't of Corrections, 615 So. 2d 798 (Fla. 1st DCA 1993). A circuit court order denying relief is reviewable in the district court by certiorari pursuant to Florida Rule of Appellate Procedure 9.030, which provides in relevant part:
(2) Certiorari Jurisdiction.[ ] The certiorari jurisdiction of district courts of appeal may be sought to review
. . . .
(B) final orders of circuit courts acting in their review capacity.
Fla. R. App. P. 9.030(b)(2).
The district court in the present case concluded that once an inmate has had a full review of a Parole Commission order in the circuit court, he or she is unentitled to a second full bite at the apple in the district court:
The inmate has already been afforded the right to review the Commission's action on the merits by filing a petition for writ of mandamus in the circuit court. It would be illogical to provide the inmate a second opportunity for review on the merits by allowing a plenary appeal from the circuit court order. For these reasons, we treat the appeal as a petition for writ of certiorari and we review the case by the limited standard that applies when certiorari is used to review a prior appellate decision.
Sheley, 703 So. 2d at 1206.
The district court drew an analogy to two lines of cases: (1) those cases wherein a defendant files a petition for an extraordinary writ in circuit court to review an order of the county court; and (2) those cases governing secondary appellate review of local administrative action. In both lines of cases, the petitioner is unentitled to a second plenary appeal on the merits.
We agree with the district court's reasoning and find its analogies apt. Sheley, we note, cites no statute or rule that would provide authority for a second plenary appeal of a Parole Commission order in the district court, nor does he advance any sound policy reason for formulating such a practice. Further, the district court in the present case reviewed Sheley's petition and determined that "[t]here has been no showing that the circuit court failed to afford the inmate due process of law or that the court departed from the essential requirements of the law." Sheley, 703 So.2d at 1206. We find that Sheley has been afforded extensive judicial review of his claim and has been deprived of no rights.
Based on the foregoing, we hold that once an inmate has had a full review on the merits of a Parole Commission order in the circuit court, he or she is not entitled to a second plenary appeal of the order in the district court. . . .
Sheley, 720 So. 2d 217-18 (footnotes omitted).
Because the circuit court provided Rivera with a full review of the county court's order denying her motion to dismiss when it considered her petition for writ of prohibition, we have declined to provide a second plenary appeal and have treated her appeal as a petition for writ of certiorari. See Stambaugh v. State, 891 So.2d 1136, 1138 (Fla. 4th DCA 2005)("Certiorari lies from this circuit court order denying prohibition against the county court.")
Rehearing denied; direct conflict certified.