954 So.2d 706 (2007)
Sandra JIMENEZ, Petitioner,
v.
Eloise RATINE a/k/a Rateni d/b/a Cleaning By El, also d/b/a Cleaning By El, Etc., Respondent.
No. 2D06-2915.
District Court of Appeal of Florida, Second District.
April 20, 2007.
*707 Perry Tanksley, Sarasota, and Susan J. Silverman, Sarasota, for Petitioner.
Joseph F. Summonte, Jr., of Judd, Ulrich, Scarlett & Dean, P.A., Sarasota, for Respondent.
VILLANTI, Judge.
Sandra Jimenez appeals the circuit court's order denying her amended petition for writ of prohibition. In the amended petition for writ of prohibition, she sought to disqualify a county court judge who was presiding in her small claims case for unpaid wages. The circuit court denied Jimenez's amended petition as legally insufficient, relying exclusively on the ground that the amended motion to disqualify had not been "sworn" by the party as required by Florida Rule of Judicial Administration 2.160(c)(3). We conclude that the circuit court erred in so ruling.
To "swear" means to declare on oath that the facts alleged are true. State v. Upton, 392 So.2d 1013, 1016 (Fla. 5th DCA 1981). The amended motion to disqualify clearly contains a written declaration pursuant to section 92.525, Florida Statutes (2006), in which Jimenez states: "Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true." Section 92.525 provides an appropriate method to verify a document, i.e., to sign the document stating under oath that the facts or matters stated in the document are true. See § 92.525(3)(c). This method expressly applies to documents that must be verified pursuant to a rule of court such as rule 2.160(c)(3). Even forms approved by the supreme court that must be sworn rely on this statute. See Fla. R.Crim. P. 3.987. Accordingly, the circuit court erred in denying the amended petition on this ground.[1]
However, while we ordinarily might remand for the lower court to consider the merits of a motion once we have determined that its form is sufficient, here, in the interest of judicial economy, *708 we remand for the issuance of a writ of prohibition because we conclude that Jimenez's amended motion is also substantively sufficient on its face. In evaluating motions to disqualify, sufficiency of the substance is essentially an extension of sufficiency of the form. This legal sufficiency is a pure question of law. Mac-Kenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1335 (Fla.1990). Further, if the form of the motion is sufficient  i.e., the motion is procedurally sufficient  it does not matter whether the substance of the allegations are true. Madura v. Turosienski, 901 So.2d 396, 398 (Fla. 2d DCA 2005) (noting that, in evaluating a motion to disqualify, the court must accept the facts alleged as true). Indeed, under Florida Rule of Judicial Administration 2.330(f), a judge is required to immediately grant a disqualification if the motion is legally sufficient.[2] The motion must be granted provided only that the facts alleged "would place a reasonably prudent person in fear of not receiving a fair and impartial trial." MacKenzie, 565 So.2d at 1335 (quoting Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983)). Moreover, the court must review the motion from the litigant's perspective questioning the "judge's impartiality rather than [from] the judge's [perspective] of his ability to act fairly and impartially." Id. at 1334 (quoting Livingston, 441 So.2d at 1086).
The substance of Jimenez's allegations concerned commentary by the trial judge exhibiting hostility toward Jimenez's counsel to such a degree that prejudice toward Jimenez is inferred. See Gates v. State, 784 So.2d 1235, 1237 (Fla. 2d DCA 2001) ("A trial court's prejudice against an attorney may be grounds for disqualification when such prejudice is of such a degree that it adversely [a]ffects the litigant." (quoting Franco v. State, 777 So.2d 1138, 1140 (Fla. 4th DCA 2001))). For example, Jimenez alleged: (1) the judge stated that Jimenez's counsel was indifferent to, or ignorant of, his professional obligations; (2) the judge indicated that she had to routinely remind Jimenez's counsel of his good faith obligations; (3) the judge stated that she felt it necessary to issue written orders in open court with witnesses present due to her feelings about Jimenez's counsel; and (4) the judge found Jimenez's counsel's statements regarding his understanding of Spanish to be "incredulous." There is nothing in the record indicating that Jimenez's counsel engaged in any behavior designed to provoke the judge, nor that the amended motion to disqualify was motivated by adverse rulings.[3] Even so, the trial judge's comments went beyond expressions of mere frustration, admonishment, or annoyance with counsel's mannerisms, tactics, or abilities. See, e.g., Eugene J. Strasser, M.D., P.A. v. Bose Yalamanchi, M.D., P.A., 783 So.2d 1087, 1092 (Fla. 4th DCA 2001) (finding that although judge's comments expressed understandable frustration, they did not reach the level required for recusal). Rather, the judge's remarks rose to the level of castigating counsel's personal integrity *709 and honesty. Although this might be a closer case on the merits if we were not confronted with all of these allegations, here, the cumulative effect of the allegations mandates recusal.[4]
Having carefully reviewed the motion in light of the above-quoted standards, we conclude that the circuit court would be required, as a matter of law, to grant this petition for writ of prohibition because the county court was likewise required to grant the motion to disqualify. The alleged facts, even if incorrect from the perspective of the trial judge, would place a reasonably prudent litigant in fear of not receiving a fair and impartial trial. Thus no useful purpose would be served in remanding this matter back to the circuit court to decide the merits of Jimenez's amended motion because the result must be recusal.
Accordingly, the circuit court's order denying Jimenez's amended petition is reversed, and we remand with instructions to grant the amended petition and issue a writ of prohibition.
Reversed and remanded.
ALTENBERND and CASANUEVA, JJ., Concur.
NOTES
[1] We review this case as a final appeal in light of the holding in Housing Authority of Tampa v. Burton, 873 So.2d 356 (Fla. 2d DCA 2004), that orders denying such writs of prohibition in circuit court are reviewed in this court by direct appeal. See also Guzzetta v. Hamrick, 656 So.2d 1327 (Fla. 5th DCA), review denied, 663 So.2d 630 (Fla.1995); 2 Philip J. Padovano, Florida Appellate Practice § 21.4 n. 16 (2d ed.2007). We recognize that the Third District has conflicted with Burton and reviews such orders by certiorari. See Rivera v. State, 939 So.2d 116 (Fla. 3d DCA 2006). The Third District has concluded that the supreme court impliedly overruled earlier district court cases allowing for these direct appeals when it decided Sheley v. Florida Parole Commission, 720 So.2d 216 (Fla.1998). There is considerable logic to the approach taken by the Third District, although we are uncertain that the supreme court intended to overrule these cases. In this particular case, the error is such a clear error of law that we would reach the same conclusion even if we reviewed the case by certiorari. Further, despite any confusion regarding the appropriate standard of review, the parties, to their credit, have adequately addressed the relevant issues.
[2] Florida Rule of Judicial Administration 2.330 was renumbered from rule 2.160, effective September 21, 2006.
[3] We note that Jimenez also alleged that the judge ordered her to bear the cost of an interpreter when she was eventually deposed by opposing counsel because Jimenez did not speak English. This ruling, although somewhat inconsequential, was nevertheless an adverse ruling made during the same time frame as the other alleged statements. However, the record comments by the trial judge are unrefuted, and therefore, this minimal ruling cannot be viewed as a pretext for the amended motion to disqualify. We also note that the subsequent dismissal of Jimenez's case as a sanction and the subsequent award of attorney's fees against Jimenez were not existing adverse rulings at the time she filed her amended motion to disqualify.
[4] See Gates, 784 So.2d at 1237 (holding that the trial judge should have granted a motion to disqualify where the judge threatened to humiliate defense counsel in front of the jury); Campbell Soup Co. v. Roberts, 676 So.2d 435, 436 (Fla. 2d DCA 1995) (noting that an allegation that a party had a "well-grounded fear that it would not receive a fair and impartial trial" was reasonable where the party alleged that the trial judge viewed trial counsel as an innocent victim and did not like the way counsel had been treated by his client); Franco, 777 So.2d at 1140 (holding that the trial judge should have granted a motion to disqualify where the judge exhibited animosity and disrespect for defense counsel and berated him in front of the jury); Lamendola v. Grossman, 439 So.2d 960, 961 (Fla. 3d DCA 1983) (holding that the trial judge should have granted a motion to disqualify where the judge told counsel she would deal with him later for going over her head, made derogatory extrajudicial comments about counsel, and displayed antagonism towards counsel); Hayslip v. Douglas, 400 So.2d 553, 557 (Fla. 4th DCA 1981) (holding that a client would be fearful of not receiving a fair trial where the judge had antipathy towards his counsel and expressed the opinion that his counsel should not handle the case).