ALTENBERND, Judge.
Julianne Holt, in her capacity as the Public Defender for the Thirteenth Judicial Circuit, Hillsborough County, petitioned the Florida Supreme Court for a writ of quo warranto, disputing the authority of Judge Tracy Sheehan to issue an order disqualifying herself in all cases involving an attorney who was employed by the Public Defender as the supervising division chief for the division in which Judge Sheehan was the presiding judge. The supreme court transferred the petition to this court. We treat the petition as one for a writ of certiorari.
To the extent that Ms. Holt argues that Judge Sheehan could not disqualify herself in all cases involving a specific attorney, we deny the petition. We conclude that a trial judge, like an appellate judge, has the authority to disqualify herself in all cases involving a specific attorney under appropriate circumstances. However, we agree with Ms. Holt that Florida law does not permit the filing of an “order” of blanket disqualification in a specific court file. In this case, the error was compounded by Judge Sheehan’s decision to express her personal opinions about the specific attorney, essentially attacking the attorney’s *972 reputation and professionalism, in the unauthorized filing. By using the public court file as a forum to attack the attorney and by including scandalous content in an order that was completely unnecessary for that file and unappealable by any party, much less by the attorney in question, Judge Sheehan departed from the essential requirements of the law. Thus, we grant the petition to the extent that the order shall be stricken from the case in which it is filed. If Judge Sheehan concludes that her relationship with this lawyer is such that she will be unable to treat the lawyer’s clients fairly, she can provide a simple written notice of blanket disqualification to her chief judge and the clerk of circuit court and file a typical notice of disqualification without further explanation in any affected court file.
I. THE CIRCUMSTANCES OF THE CHALLENGED ORDER
The assistant public defender involved in this case filed a motion to disqualify Judge Sheehan in case number 10-CJ-002677. The motion was a rather typical motion to disqualify filed on behalf of a juvenile client who was concerned that the judge would not be fair. Whether this motion was facially sufficient is a close question, but Judge Sheehan gave the juvenile the benefit of the doubt and granted the motion. Pursuant to rule 2.330(f) of the Florida Rules of Judicial Administration, she entered an order in response to this motion that stated: “The motion is granted.” To that point, the order is entirely appropriate and in accordance with proper procedure.
Unfortunately, the judge’s order did not stop there. Entitled “Order on Motion to Disqualify and Standing Order to Disqualify Court in All Cases Involving Attorney X,”[1] after the short sentence granting the motion to disqualify, the order states:
Based upon the factual matters raised in the Motion, the Court further enters a standing Order to Disqualify the Court in all cases involving Attorney X. The Court acknowledges that she has strong feelings that Attorney X is incompetent, untrustworthy and extremely dilatory in matters related to her legal duties, based upon Attorney X’s actions and inactions in this Division over the past month and based upon Attorney X’s ten year tenure at the Courthouse which has developed her widespread reputation as an inept supervisor and mean spirited individual who publically berates her underlings as “stupid” and “idiotic.”
Based upon this information available to the court, the court acknowledges it would be appropriate to disqualify herself from all matters involving Attorney X.
Because the attorney for whom the judge entered the disqualification was the supervising division chief for the division in which Judge Sheehan was presiding, the order effectively required one of two options: either (1) Ms. Holt, as an independent, elected constitutional officer, was required to reassign this lawyer from the position that Ms. Holt wished her to fill, or (2) Judge Menendez, as the Chief Judge of the Thirteenth Judicial Circuit, was required to reassign Judge Sheehan to a division other than the division to which he had assigned her. From the record, it does not appear that Judge Sheehan attempted any coordination with either her *973 chief judge or Ms. Holt before entering this order.
II. BLANKET DISQUALIFICATIONS BY JUDGES
The Rules of Judicial Administration provide procedures for parties to obtain the disqualification of a judge in a particular case. Fla. R. Jud. Admin. 2.330. The rule, however, does not contain procedures for a judge to disqualify herself when she reasonably concludes that the Florida Code of Judicial Conduct requires it. Canon 3E(l)(a) of the Code provides:
(1) A judge shall disqualify himself or herself in a proceeding in which the judge’s impartiality might reasonably be questioned, including but not limited to instances where:
(a) the judge has a personal bias or prejudice concerning a party or a party’s lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding!;.]
Fla.Code Jud. Conduct, Canon 3E(l)(a). Thus, when a judge reasonably concludes that her impartiality might reasonably be questioned because of a personal bias or prejudice concerning a specific lawyer, the Code compels the judge to disqualify herself. This logically requires blanket recu-sals even though there are no published rules to implement this provision of the Code.
Virtually every judge has close friendships with lawyers, especially friendships that developed when the judge was a practicing attorney. Occasionally, a judge will have a strong disagreement with an attorney, creating at least the temporary appearance that the judge will not treat the attorney’s clients fairly. Thus, it is more the rule than the exception that a judge will have an ethical obligation to implement a blanket disqualification affecting one or more attorneys. Trial courts and appellate courts all create mechanisms to handle blanket disqualifications. How courts and clerks of court handle this issue in the absence of statewide procedural rules apparently varies, but the procedures are invariably internal to the court and are not matters filed in specific court files. The disqualifications are often in writing, but no explanation for the blanket disqualification is included even in these internal documents. This court has never seen an occasion when a judge provided a public written explanation of this sort for a blanket disqualification. It has certainly never seen an order comparable to this one filed in a specific court file.
A judge’s decision to disqualify himself or herself on a blanket basis must be left to that judge’s own sound judgment. This court has no authority to review such a decision. In the usual circumstance where the blanket disqualification is handled by a list internal to the circuit court, there is no rendered order for this court to review within its constitutional .jurisdiction. If such a decision is to be reviewed, it would seem to be a matter that might be more appropriately addressed by the Judicial Qualifications Commission.
This case, of course, does not involve a disqualification based on a client’s representation by a close friend of the trial judge who occasionally comes before the court. Instead, it ■ involves the division chief in charge of all of the public defenders who appear before Judge Sheehan. That fact did not prohibit Judge Sheehan from deciding that her impartiality might reasonably be questioned because she had a personal bias or prejudice concerning this lawyer. It does, however, mean that the decision to disqualify affects the administration of justice in that division and intrudes upon the administrative authority of the Public Defender and the Chief *974 Judge. It seems to us that such a decision should be made with extraordinary care and with some communication and coordination with the Public Defender and the Chief Judge. Nothing in this record suggests this occurred in this case. Indeed, the decision has the flavor of one made in a moment of frustration and exhaustion. We will not and cannot review Judge Shee-han’s decision to disqualify herself, but we would encourage her to revisit this decision when she has a better opportunity to make a deliberate and thoughtful decision.
III. FILING THIS PERSONAL EXPLANATION IN A COURT FILE
Although we have no authority to review a circuit judge’s decision to disqualify herself from all cases involving a specific attorney, we conclude that we do have the power to strike impertinent or scandalous matter placed in a court file by a circuit court judge. Florida provides very broad immunity from suits for libel and slander relating to matters stated in court flies. See Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So.2d 380, 383-84 (Fla.2007). Thus, when impertinent or scandalous information is placed in a court file, the party harmed by the information has no right to seek recourse in a separate action. In lieu of such legal action, when scandalous matter is filed in a court file by a lawyer or a litigant, the rules of procedure allow a party to file a motion to strike the matter from the record. See Fla. R. Civ. P. 1.140(f). For obvious reasons, the rule does not govern the very rare occasion where the scandalous matter is filed by the judge.
There can be no question that the explanation provided in the challenged order was totally unnecessary to grant the motion to disqualify and was equally unnecessary to accomplish a blanket disqualification. No law authorizes this filing. The affected attorney and the affected office of the Public Defender have no recourse by appeal. Although we do not conclude that the order is the equivalent of a disciplinary order by the supreme court, we understand why Judge Northcutt can reasonably reach. that view in his concurrence.[2] It certainly affects the reputation of an attorney and the administration of the office of the Public Defender without any process, much less due process. We conclude that the filing of this order in the trial court file departed from the essential requirements of the. law, resulting in injury that cannot be repaired by any subsequent appeal. Accordingly, we grant the petition to the extent that this order shall be stricken from the record. Judge Sheehan may replace it with an order that simply grants the motion to disqualify.
Petition for writ of certiorari granted.
*975 KHOUZAM, J., Concurs.
NORTHCUTT, J., Concurs with opinion.

. Ms. Holt, as the Public Defender, filed this petition because she views the order as an intrusion into her constitutional authority to select division supervisors. We conclude that she has standing to bring this action. In this context we also conclude that there is no need to disclose the identity of the attorney.

. The supreme court's authority to discipline attorneys does not deprive trial judges and appellate judges of the authority to criticize attorneys in open court or in a published opinion for conduct that falls below the high standards of conduct and professionalism expected from professionals. Although there are rare occasions when judges must report attorneys to The Florida Bar, see Fla.Code Jud. Conduct, Cannon 3D(2), there are other times when a lawyer commits a minor violation or oversteps the bounds of professionalism within a particular case when a judge is not obligated to report the matter to The Florida Bar but may still publicly criticize the lawyer, not as a legal sanction, but as a prompt to encourage the attorney to maintain high standards in the future. This court occasionally will criticize even seasoned appellate attorneys when their advocacy in a particular case does not live up to their usual high standards of professionalism. See, e.g., McDaniel Ranch P'ship v. McDaniel Reserve Realty Holdings, LLC, 100 So.3d 120 (Fla. 2d DCA 2012). The order challenged in this case, however, is not a prompt; it is scandalous comment having no place in a court record.