# Third District Court of Appeal

## State of Florida

Opinion filed December 16, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2253
Lower Tribunal No. 11-698
_____

**Liz C. Messianu, Esq., etc., et al.,**
Petitioners,

vs.

**Jannette Billot Pigna,**
Respondent.

A Case of Original Jurisdiction -- Prohibition.

Wicker Smith O'Hara McCoy & Ford, P.A., and Nicholas E. Christin and Brandon J. Hechtman; Lubell & Rosen, LLC, and Liz C. Messianu, for petitioners.

Dunwody White & Landon, P.A., and Jack A. Falk, Jr., for respondent.

Before ROTHENBERG, LAGOA and SCALES, JJ.

PER CURIAM.

Petitioners, Liz C. Messianu and Inca Mayta Cremiuex (collectively, "Petitioners"), via Petition for Writ of Prohibition, challenge the trial court's order denying Petitioners' motion for disqualification of the trial judge in the probate and trust proceeding of the late Carillo Pesenti Pigna. We grant the petition because it appears from the face of the trial court's order that, in adjudicating Petitioners' motion, the trial court exceeded the scope of permissible considerations.

In making a determination on an initial motion for disqualification, the trial court must follow the requirements of rule 2.330(f) of the Florida Rules of Judicial Administration. This provision requires the trial court to determine only if the motion is legally sufficient; the trial court may not consider whether the factual assertions of the motion are true. Bundy v. Rudd, 366 So. 2d 440, 442 (Fla. 1978). The rule expressly "limits the trial judge to a bare determination of legal sufficiency" in order to prevent disqualification proceedings from becoming adversarial. Id.

The facts alleged in a motion seeking to disqualify a trial judge must be evaluated as true for the purposes of determining legal sufficiency. City of Hollywood v. Witt, 868 So. 2d 1214, 1217 (Fla. 4th DCA 2004). The trial court cannot insert its own views regarding the facts or the motivations of the parties but "must review the motion from the litigant's perspective. . . ." Jimenez v. Ratine, 954 So. 2d 706, 708 (Fla. 2d DCA 2007).

In this case, Petitioners' joint motion to recuse the judge was accompanied by an affidavit that referenced statements the trial court made during a hearing which, in their view, caused them to fear that the trial court had prejudged an ultimate issue in the case. In the trial court's order denying Petitoners' recusal motion, the trial court stated that "the moving parties' concerns emanated from a prior adverse ruling and nothing more." Rather than strictly evaluating the legal sufficiency of Petitioners' factual claims, the trial court looked beyond the four corners of the affidavit to evaluate the alleged motivations of Petitioners.

Regardless of whether the trial court's motivational analysis was accurate, by delving into how Petitioners' concerns purportedly emanated, the trial court ran afoul of the directive in rule 2.330(f) – i.e., that the trial court's order evaluate only the legal sufficiency of the motion and state "no other reason for denial."

We, therefore, grant the petition for Writ of Prohibition. Because we are confident that the trial judge will recuse himself, we need not formally issue the writ.

Petition granted.