# Third District Court of Appeal

## State of Florida

Opinion filed August 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1755
Lower Tribunal No. F16-3043
_____

**Byron Mitchell,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Zachary James, Judge.

The Law Office of Robert David Malove, P.A., Hani Demetrious, and Robert David Malove (Fort Lauderdale), for appellant.

Ashley Moody, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for appellee.

Before FERNANDEZ, MILLER, and LOBREE, JJ.

PER CURIAM.

Affirmed.  See <u>Strickland v. Washington</u>, 466 U.S. 668, 669 (1984) ("A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial."); <u>see also</u> <u>Long v. State</u>, 183 So. 3d 342, 345 (Fla. 2016) ("The defendant must specifically identify acts or omissions of counsel that were manifestly outside the wide range of reasonably competent performance under prevailing professional norms."); <u>Alcorn v. State</u>, 121 So. 3d 419, 430 (Fla. 2013) ("[T]o show prejudice, the defendant must demonstrate a reasonable probability, defined as a probability sufficient to undermine confidence in the outcome, that (1) he . . . would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed."); <u>Dabbs v. State</u>, 330 So. 3d 50, 55–56 (Fla. 4th DCA 2021) (distinguishing between personal bias and judicial bias when evaluating likelihood of success in disqualification motions); <u>Liteky v. United States</u>, 510 U.S. 540, 555–56 (1994) ("*Not* establishing bias or partiality . . . are expressions of

impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display.") (emphasis in original); <u>Jimenez v. Ratine</u>, 954 So. 2d 706, 708 (Fla. 2d DCA 2007) (determining trial judge's comments must exceed "expressions of mere frustration, admonishment, or annoyance with counsel's mannerisms, tactics, or abilities" to support disqualification); <u>Schwab v. State</u>, 814 So. 2d 402, 411 (Fla. 2002) (finding evidence of counsel's experience and other efforts sufficiently supported his "informed tactical decision not to file a motion to disqualify" trial judge); <u>Diaz v. State</u>, 132 So. 3d 93, 115 (Fla. 2013) ("A defendant does not satisfy either prong of <u>Strickland</u> when claiming that trial counsel was ineffective for failing to file a motion to disqualify if counsel would not have prevailed on the motion.").