DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

———————————————

COLIN MacKENZIE,

Petitioner,

v.

EMILIA KINGA MacKENZIE,

Respondent.

No. 2D2025-1096
———————————————

November 26, 2025

Petition for Writ of Prohibition to the Circuit Court for Pinellas County;
Brian Edward Gnage, Judge.

Tara Scott Lynn of the Law Offices of Tara J. Scott, P.A., St. Petersburg,
for Petitioner.

No appearance for Respondent.


PER CURIAM.

Colin MacKenzie, through counsel, filed a petition for a writ of
prohibition seeking an order prohibiting Circuit Judge Brian Gnage from
presiding over Mr. MacKenzie's case after the judge denied a successive
motion to disqualify and a renewed successive motion to disqualify.  By
prior unpublished order, this court granted the petition and indicated
that an opinion would follow.  We now write to explain our reasoning.

## I. PROCEDURAL BACKGROUND

Mr. MacKenzie is the husband in a dissolution of marriage case in section 17 of the circuit court's family law division. He unsuccessfully moved to disqualify the initial judge assigned to the case, and our court denied his petition for writ of prohibition. Mr. MacKenzie filed a second motion to disqualify the initial judge, which the judge granted. Judge Gnage began presiding over section 17 and is the successor judge in this case.

Mr. MacKenzie's counsel filed a notice of unavailability in the case, informing the court that she would be unavailable until April 18, 2025. The notice did not state the reason for the unavailability. In two other section 17 cases, counsel filed notices of unavailability with an end date of April 30, 2025, and explained that her unavailability was due to medical leave. During a case management conference, counsel informed Judge Gnage that she had arranged coverage counsel for an April 23, 2025, hearing in Mr. MacKenzie's case.

Mr. MacKenzie's counsel also represented Judge Gnage's brother in an unrelated section 17 case which was reassigned by the chief judge of the circuit court to another section on March 4, 2025. Judge Gnage entered a disclosure order in Mr. MacKenzie's case stating that it had come to the court's attention that Mr. MacKenzie's lawyer is counsel of record for the judge's brother in the unrelated case. The order included a request that counsel provide a list of all her active section 17 cases so that Judge Gnage could issue disclosures in them. In response, counsel emailed the following to the judicial assistant:

> I received the request for me to provide all of my cases that are assigned to Section 17. However, I am going on medical leave very soon as well as terminated my legal assistant . . . at the end of 2024 due to my need to downsize. So, I hope you

2

can understand the additional work that this has placed on me.

During my medical leave, I planned to review and update my client tracker spreadsheet . . . and will provide a list as soon as physically and mentally possible.

After Judge Gnage indicated that he would not recuse himself in Mr. MacKenzie's case, Mr. MacKenzie filed a successive motion to disqualify arguing that he feared he would not receive a fair trial because Judge Gnage was biased against his counsel. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.330(i). Judge Gnage denied the motion with a written order in which he made factual findings as to the truth of the facts alleged and determined that he was not actually biased. The order added that even though Mr. MacKenzie's second motion to disqualify the initial judge had been granted, "[o]ddly no one informed the Second DCA of the mootness of the initial appeal of the first denial of the motion to recuse . . . that was still pending at the time of the second motion to disqualify."

Also in the order, Judge Gnage addressed counsel's email response to his request for a client list. The judge questioned counsel's mental health and ability to practice law, writing that the "response . . . was troubling." The judge emphasized that part of counsel's email stating that she would "provide a **list as soon as physically and mentally possible.**" Judge Gnage wrote that counsel "indicated no timeline for when she will be mentally capable of reviewing her own cases," that "[t]he present delay is based on the assertion of [counsel] of her concerns of her own mental fitness," and that "the Court cannot understand what has come across as desperation to address a mental health issue." The judge added that he had "concerns about this manner of practice" and that "[t]he Court is concerned for [counsel's] health and ability to practice."

3

Addressing the differences between the notice of unavailability in Mr. MacKenzie's case and the notices in the two other section 17 cases, the judge found that "[t]ailoring a notice of unavailability to suit the needs of a specific case is contrary to the rules of professional conduct, specifically 4-8.4 and 4-3.3."

Mr. MacKenzie subsequently filed a renewed successive motion to disqualify which incorporated the first motion by reference and added new assertions and arguments based on the order denying the first motion.  He took issue with the judge's finding that "oddly no one informed the Second DCA of the mootness of the initial appeal of the first denial of the motion . . . that was still pending at the time of the second motion to disqualify."  He asserted that our court had denied the petition prior to the order granting his second motion to disqualify the initial judge.

Mr. MacKenzie also stated that the notices of unavailability in the other two cases had updated information because they were filed after the notice had been filed in his case.  He argued that the judge's accusation that counsel violated the Rules Regulating the Florida Bar by filing inconsistent notices of unavailability showed bias.  He pointed out that the order made repeated references to counsel's mental health and accused counsel of unethical conduct.  Mr. MacKenzie contended that references to counsel's mental health and unethical conduct, both by themselves and in conjunction with the allegations in the first successive motion to disqualify, created an appearance of bias and partiality against counsel and that due to this bias, Mr. MacKenzie feared that he would not receive a fair trial.

4

Judge Gnage denied the renewed motion, writing that "the above listed motion is DENIED and the Court incorporates the order entered on 3/21/25 into its findings."

## II.  DISCUSSION

[A] successor judge cannot be disqualified based on a successive motion by the same party unless the successor judge rules that he or she is in fact not fair or impartial in the case.  Such a successor judge may rule on the truth of the facts alleged in support of the motion.

Fla. R. Gen. Prac. & Jud. Admin. 2.330(i).

In evaluating a successive motion, a more stringent standard of review applies, and the reviewing court must determine "whether the record clearly refutes the successor judge's decision to deny the motion." *Dougan v. State*, 105 So. 3d 519, *1 (Fla. 2012) (unpublished table decision) (quoting *Kokal v. State*, 901 So. 2d 766, 774 (Fla. 2005)).

"A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:  (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer . . . ."  Fla. Code Jud. Conduct, Canon 3E(1)(a).  A trial judge's comments of "mere frustration, admonishment, or annoyance with counsel's mannerisms, tactics, or abilities" do not rise to the level of recusal.  *Jimenez v. Ratine*, 954 So. 2d 706, 708 (Fla. 2d DCA 2007) (citing *Eugene J. Strasser, M.D., P.A. v. Bose Yalamanchi, M.D., P.A.*, 783 So. 2d 1087, 1092 (Fla. 4th DCA 2001)).  But comments going beyond expressions of mere frustration, admonishment, or annoyance may require recusal.  *Id.*  Indeed, remarks needlessly questioning counsel's competence can rise to that level.  *Cf. In re Schapiro*, 845 So. 2d 170, 173 (Fla. 2003) (finding that a trial judge violated multiple canons of judicial conduct by, among other things, "questioning the competence of counsel by making remarks such as,

5

'What, are you stupid?' "); *Holt v. Sheehan*, 122 So. 3d 970, 972, 974 (Fla. 2d DCA 2013) (striking as impertinent or scandalous an order granting a motion to disqualify because it needlessly stated that "Attorney X is incompetent, untrustworthy and extremely dilatory in matters related to her legal duties").  Furthermore, comments indicating that a judge is attacking counsel's personal integrity and honesty can create an inference that a judge is prejudiced against that party's counsel, which can justify disqualification.  *See, e.g.*, *Jimenez*, 954 So. 2d at 708-09; *Lowman v. Racetrac Petroleum, Inc.*, 220 So. 3d 1282, 1284 (Fla. 1st DCA 2017).

Because Judge Gnage was a successor judge, he was permitted to make factual findings in ruling on the truth of the facts asserted in the motion and the renewed motion to determine whether he was actually biased or prejudiced.  A number of the factual findings made by the judge addressing the claims raised in the first successive motion were supported by the record, but other findings and comments were not.  Based on those unsupported findings and comments, we are compelled to conclude that Judge Gnage's finding that he is not biased was refuted by the order itself.

The most concerning comments indicative of bias or prejudice towards Mr. MacKenzie's counsel related to counsel's mental fitness and lack of candor.  In responding to the judge's request for a list of her section 17 clients, counsel sent the email stating that she would do so "as soon as physically and mentally possible" after she had returned from medical leave.  Based on this comment that recovery from a medical issue involved both physical and mental recovery, the judge proceeded to question counsel's mental fitness to practice law.

6

Judge Gnage wrote that the "response . . . was troubling" and bolded and underlined the portion of counsel's email stating that she would provide the list as soon as physically and mentally possible. The order added comments such as the attorney "indicated no timeline for when she will be mentally capable of reviewing her own cases," "the present delay is based on the assertion of [counsel] of her concerns of her own mental fitness," "the Court cannot understand what has come across as desperation to address a mental health issue," and "the Court is concerned for the health and ability to practice of [counsel]." Nothing in the record supports these comments questioning counsel's mental fitness to practice law.

An additional indication of actual bias is the order's reference to a prior matter before this court. The judge wrote that after a second motion to disqualify the initial judge was granted, "*oddly no one informed the Second DCA of the mootness of the initial appeal of the first denial of the motion to recuse . . . that was still pending at the time of the second motion to disqualify.*" (Emphasis added.)

Taking judicial notice of our own records, the "appeal" to which the order referred was a petition for writ of prohibition that Mr. MacKenzie filed after his first motion to disqualify the initial trial judge was denied. There was no reason for Mr. MacKenzie to inform this court of the order granting the second motion to disqualify the initial judge because the prohibition petition had been denied three months prior. In addition to being factually incorrect, the portion of the order addressing the prior prohibition proceeding was unnecessary to resolve the successive motion to disqualify. Its inclusion was extraneous and served only to impugn counsel's integrity, credibility, and candor.

Finally, when considered in conjunction with the comments on counsel's integrity before this court and her mental fitness, Judge Gnage's comments regarding the inconsistent notices of unavailability are also concerning. Judge Gnage did not show bias by questioning counsel during a case management conference about the inconsistent end dates of the notices of unavailability between Mr. MacKenzie's case and counsel's two other cases. The discrepancy needed to be addressed. But in the order, the judge found that this inconsistency constituted tailoring notices of availability to fit specific cases and that tailoring notices of unavailability to different cases violates rules 4-3.3 and 4-8.4 of the Rules Regulating the Florida Bar.

The order did not specify which subparts of rules 4-3.3 and 4-8.4 the judge believed counsel violated. Rule 4-3.3 is titled "Candor Toward the Tribunal." Rule 4-8.4 is titled "Misconduct." Thus, it appears that the judge accused counsel of misconduct and lying to the court simply by filing what appeared to be inconsistent notices of unavailability without more. We could find no case law supporting the judge's conclusion that tailoring notices of unavailability to the needs of specific cases is a per se violation of the Rules Regulating the Florida Bar.

## III.  CONCLUSION

Judge Gnage's findings questioning counsel's mental health and fitness to practice, credibility, and candor establish actual bias against Mr. MacKenzie's counsel and justify Mr. MacKenzie's fear that Judge Gnage could not be fair and impartial. As a result, we are compelled to conclude that the record clearly refutes the judge's decision to deny Mr. MacKenzie's successive motions to disqualify.

Petition granted.

SILBERMAN, LaROSE, and MORRIS, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.